Isaac H. Orr, Administrator of Estate of Teresa Albert, Deceased, Respondent, v. Linus Sanford, Appellant.

St. Louis Court of Appeals. March 15, 1898.

1. **Evidence:** COUNTERCLAIM: CONSIDERATION OF CONTRACT. Evidence in support of a counterclaim was properly refused by the trial court when the alleged promise to compensate the defendant for services alleged to have been rendered was without consideration, for the reason that it was the duty of the defendant as executor to do the very things he avers the deceased employed him to do.

2. **Executor:** TRUSTEE. An executor is trustee for the creditors of the estate.

Orr v. Sanford.

*Appeal from the Cape Girardeau Circuit Court.*—Hon. Henry C. Riley, Judge.

Affirmed.

Linus Sanford, *pro se*, for appellant.

The estate of John Albert was hopelessly bankrupt, with over $7,000 of judgments of the fourth class allowed and over $5,000 of allowed claims in the fifth class, and Mrs. Teresa Albert was the owner by purchase of over $3,000 of these fifth class claims. She was also the sole legatee under the will. Mrs. Albert was interested in the estate both as a creditor and sole legatee and could only hope to realize anything by compromising with the fourth class claimants and settling the title to real estate. The fourth class claims, if paid in full, would have consumed the whole estate. Then Mrs. Albert was authorized under the law in employing counsel or making any contract to protect her interests, especially when there were no funds in the estate for such purposes. Is there anything against public policy in permitting this widow to save a home, and receive the payments she did to aid in the support of herself and children?

Frank E. Burrough for respondent.

An executor or administrator is a public officer, administering a trust. Tyler v. Larimore, 19 Mo. App. 445. And his compensation is peculiarly within the power and control of the probate court. Gamble v. Gibson, 59 Mo. 585. His commissions, allowed by the probate court, are his full compensation. Gamble v. Gibson, 59 Mo. 585. And even if he render professional beneficial services, he can not recover therefor. Gamble v. Gibson, 59 Mo. 585; State to use v.

Hunt, 46 Mo. App. 616; Condict v. Flower, 47 Mo. App. 514. Even if Teresa Albert, legatee, promised Sanford pay to protect her interests in the estate of John Albert, her husband, the contract was without consideration, because it was his duty, as executor, so to do anyway. Tyler v. Larimore, 19 Mo. App. 445. No contract to pay a man to do his duty incurred either as an officer, or by contract, is enforcible. Thornton v. R'y, 42 Mo. App. 58; Jones v. Miller, 12 Mo. 408; Keck v. Merry, 23 Mo. 73; Lingenfelder v. Wainwright Co., 103 Mo. loc. cit. 593, and cases there cited.

BIGGS, J.—The plaintiff is the administrator of the estate of Teresa Albert, deceased. The defendant executed and delivered to the deceased the following promissory notes, to wit: One dated February 29, 1894, for $300, due one day after date; the other dated the thirtieth day of May, 1887, for $200, due one day after date. On the twenty-fourth day of August, 1896, the plaintiff brought suit on these notes. He averred that on the fifth day of November, 1891, the defendant paid $25 on the first note. The defendant admitted the execution of both notes, but denied the alleged payment on the first. In bar of the action on that note, he interposed a plea of the statute of limitations. No defense was made to the second note. The answer sets forth six counterclaims, for which judgments were asked. The facts and circumstances connected with the counterclaims were alleged in the answer to be these: Teresa Albert was the widow of John Albert, and the sister of the defendant. John Albert died in 1881, testate. The defendant was named in the will as executor, and Teresa was made the sole legatee and devisee. The estate was hopelessly insolvent. There were existing judgments amounting to $12,000, and there was a

mortgage on the homestead to secure a debt of $5,000. There was a large amount of other indebtedness which was not secured. The defendant qualified as executor. The counterclaims are based on services which the defendant rendered his sister as her attorney.

The services were rendered in connection with the business of the estate, that is the defendant charges for effecting a compromise of the judgments against the estate at about one fourth of their face value; for procuring for Mrs. Albert the assignment of certain allowed demands against the estate at a large discount; for services in the prosecution of a claim in favor of the estate against the Cape Girardeau and Southwestern Railway Company; and the recovery of the possession and the subsequent sale under the will of two tracts of land belonging to the estate. Concerning the liability of the deceased to pay for these services, the defendant alleges, "that at the special instance and request of the said Teresa Albert, the sister of the defendant, he did take upon himself the execution of the will with all the powers therein contained, she, the said Teresa Albert, then and there agreeing to employ and did employ this defendant as an attorney to protect and promote her interests from the date of his qualification as such executor until a final settlement could be had of said estate, said employment to extend to a full adjustment and settlement." In the replication the plaintiff averred a new promise to pay the first note. He decided that the defendant rendered the services mentioned in the counterclaims, but averred that if said services were rendered the defendant could not recover therefor. At the trial the circuit court excluded all evidence as to the counterclaims, and the jury returned a verdict for the plaintiff on both notes. The defendant has appealed.

The action of the court in refusing to hear evidence

in support of the counterclaims was right for two reasons: *First*, the alleged promise of Mrs. Albert to compensate the defendant for the services alleged to have been rendered was without consideration, for the reason that it was the duty of the defendant as executor to do the very things he avers the deceased employed him to do. Lingenfelder v. Wainright Brew. Co., 103 Mo. 578. *Second*, the defendant as executor was the trustee for the creditors of the estate. He could only serve the deceased in the manner claimed at the expense of his *cestuis que trustent*. This would render his contract with the deceased void as against public policy. Tyler v. Larimore, 19 Mo. App. 45. The exceptions taken at the trial on the plaintiff's case have been abandoned in this court. The assignments of error and the briefs make no mention of them.

The judgment of the circuit court will be affirmed. All the judges concur.

