CANNON-WEINER ELEVATOR COMPANY, Appellant, v. ED. F. BOSWELL, Respondent.

Kansas City Court of Appeals, April 2, 1906.

1. **CONTRACT:** Evidence: Instruction: Verdict. Certain instructions when taken together are *held* not the subject of complaint; and, supported by the evidence and the verdict, cannot be disturbed.

2. **TRIAL PRACTICE:** Pleading: Evidence: Variance. Where evidence of a subsequent qualification of a contract is received without objection, the variance between the evidence and the statement filed in the justice's court cannot be insisted upon.

3. **CONTRACTS: Consideration: Modification: Instruction.** Where a modified contract is acted upon by the parties, the original contract is abandoned; and an instruction telling the jury that there was no consideration for the modifications is properly refused.

Appeal from Bates Circuit Court.—*Hon. Charles A. Denton,* Judge.

AFFIRMED.

*Francisco & Clark* for appellant.

(1) The verdict and judgment is against the law and the evidence and ridiculously against the weight of the evidence. (2) The defendant's counterclaim is based on the written contract price, $1.65 per bushel, for prime seed, and he is permitted to recover on a subsequent alleged oral agreement for another and different grade of seed, at the same price, which constitutes a variance between the statement in the pleading and the evidence and judgment. This cannot be done. Feurth v. Anderson, 87 Mo. 354; Clements v. Yeates, 69 Mo. 625; Cole v. Armour, 154 Mo. 351; Carson v. Cummins, 69 Mo. 325. (3) The trial issue must be within the paper issue and instructions must be framed with regard to the paper issue made. Whipple v. B. & L. Ass'n, 55 Mo. App. 557; Hornblower v. Crandall, 78 Mo. 581. (4) "Issues not presented by the pleadings should not be submitted by instruction." Fairgrieve v. Moberly, 29 Mo. App. 141; Newell v. Bolt & Iron Co. 5 Mo. App. 253; Moore v. Streigel, 50 Mo. App. 308; Waddingham v. Hulett, 92 Mo. 528; Quinlan v. English, 44 Mo. 46; Price v. Railway, 72 Mo. 420; Bank v. Westlake, 21 Mo. App. 565; Budd v. Hoffheimer, 52 Mo. 303. (5) Instructions numbered 1 and 2 given by the court on behalf of defendant were erroneous, misleading and not founded on the issue made by the pleadings. (6) Instruction numbered 2 asked by plaintiff and refused by the court properly declared the law and was founded on the evidence and should have been given.

*W. O. Jackson* for respondent.

(1) As to points 1, 2 and 3 and 4, it is a cause that originated in the justice court and the pleadings are oral, part were in writing in this case. The authorities cited by plaintiff under these points are in cases in which the recovery was sought on different instruments from the one sued on, or on different items or similar departures and not applicable to this case. This case is for the seed at $1.65 per bushel all of the time. (2) The instructions in the case fairly presented the law.

ELLISON, J.—This action is on an account for $8.68, to which defendant filed a counterclaim of $68.15. Defendant recovered judgment on his counterclaim for $50.00.

The plaintiff bought of defendant all of his timothy seed raised on his farm at $1.65 per bushel "for prime seed, subject to the established reduction for lower grade." Plaintiff paid $5.00 cash on the contract. In settlement for the seed, plaintiff neglected to deduct or allow for this payment of $5.00 and by mistake one sack of seed was weighed twice. These, with one other small item, made plaintiff's claim of $8.68. Defendant's counterclaim is based on his contention that the seed came to $68.15 more than plaintiff paid him.

It seems that defendant did not deliver the seed as promptly as contemplated and that plaintiff was fearful for that reason that it could not be applied on a contract it was filling with a party in Chicago. It was therefore agreed between them that instead of paying $1.65 per bushel, as originally contracted, defendant was to be paid $1.50 per bushel and, if plaintiff succeeded in putting in the seed to the Chicago party, defendant was to be paid fifteen cents additional to make up to $1.65, the original price.

The defendant's instructions clearly placed his right to recover on the counterclaim on a finding that

the seed were put in on plaintiff's contract at Chicago. Plaintiff's first instruction was favorable to the defendant. It conceded defendant's right to his counterclaim if the seed were prime seed, *or* were accepted at Chicago. Plaintiff's other instructions were not so liberal to defendant. The second made it absolutely necessary that the seed should have been prime quality, and so of the fourth. The third, by use of the word "and," made it necessary that the seed be not only prime, but also have been accepted at Chicago. Taking them together, there is no room for complaint by the plaintiff. And as there was evidence which had a tendency to support either side, we will not disturb the verdict.

But plaintiff now objects to the propriety of considering the counterclaim in the trial court, for the reason that it is based on a subsequent oral contract between the parties, for another and different grade of seed and is "a variance between the statement in the pleading and the evidence and judgment." Passing by the fact that this case arose before a justice of the peace, where the rule of pleading mentioned in authorities cited by plaintiff is not regarded, we find that the evidence of the subsequent qualification of the contract was received without objection, and cannot now be insisted upon. [Maxwell v. Railway, 85 Mo. 95, 106.] We had occasion to examine a similar question in Flanagan Mills v. Adams Grain Co., 115 Mo. App. 542, and ruled that objection should be made at the trial. We have examined the authorities to be found in plaintiff's brief, but think they are not applicable to the case in hand.

We do not think error was committed in refusal of plaintiff's instructions. Instruction numbered 2, thus refused, is based on the idea that there was no consideration for the subsequent modification of the contract. But we have no doubt as to that. Besides acting on the contract as modified (if defendant's evidence is to be believed) there was an abandonment of an original con-

tract, which of itself will uphold the modification there-
of, so far as consideration is concerned. We do not re-
gard the objections to evidence, as mentioned in plain-
tiff's seventh point, as well taken. We have gone over
all points of objection and have concluded that no sub-
stantial error justifying an interference was made
against the plaintiff and therefore affirm the judgment.
All concur.