PETERS & REED POTTERY COMPANY, Appellant,
v. PHILIP A. FOLCKEMER, Respondent.

**Kansas City Court of Appeals, May 4, 1908.**

1. **CONTRACTS: New Contract: Consideration.** Parties to a contract have a right to make a new one and its substitution for the first one is a sufficient consideration.

2. **TRIAL AND APPELLATE PRACTICE: Instruction: Evidence: Finding.** In a trial before the court instructions are of little concern save as they may disclose the theory of the trial. And an instruction omitting hypotheses which one of the parties was entitled to have considered is properly refused. Where the evidence is conflicting but sufficient to support the finding the appellate court will affirm the judgment.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*L. A. Laughlin,* for appellant, filed argument.

*John M. Cleary,* for respondent, filed argument.

ELLISON, J.—This action may be stated, in a general way, to have been instituted on a contract for the sale of kitchenware. The sum demanded by plaintiff was $1,134.73. The court rendered judgment for $276.16, and plaintiff, thinking that not to be enough, appealed to this court.

It appears that plaintiff is a non-resident manufacturer of pottery and that defendant dealt in such goods in Kansas City. Plaintiff had an agent in the latter place who solicited an order from defendant. He made out a written order for a car load of goods but instead of submitting it to defendant for approval and signature, he signed defendant's name thereto himself and forwarded it to plaintiff. When the goods arrived in

Kansas City, defendant repudiated the transaction and so notified plaintiff. After some correspondence the result was that defendant agreed to keep the goods and pay for them, less two per cent, when one-half of them were sold. Plaintiff accepted this offer.

There seems then to have followed a correspondence from time to time, the defendant steadily refusing to pay until one-half the goods were sold. It seems that plaintiff's agent undertook to make sales for defendant so as to get one-half sold, but disputes arose as to the price at which sales were made and as to whether the sales were in fact made as the "orders" taken by the agent indicated, defendant claiming they were for more than the actual sales made and that purchasers made trouble on that account.

Finally, as is alleged in defendant's answer and evidence tended to show, an agent of plaintiff came out to Kansas City from the factory to look into the matter for plaintiff, and it was agreed between him and defendant that plaintiff would sell one-half the goods at a profit of twenty-five per cent, in which event defendant would pay for the whole lot shipped as aforesaid. But there was evidence tending to prove that these sales attempted by plaintiff's agent were made with a secret agreement of a rebate to be refunded to purchasers of fifty per cent of the cost of the goods, which was agreed to be given as an inducement to dealers to make the purchases. Such acts tended to demoralize the price at which the remaining goods could be sold. Upon learning of this, defendant rescinded the agreement and notified plaintiff that the goods were subject to its order. The foregoing is an abridged statement of a rather complicated transaction. It was tried by the court without the aid of a jury.

There is no doubt of the right of the parties to make a new agreement. The fact of its taking the place of the old, was a sufficient consideration.

But one declaration of law was asked and that was by plaintiff and it was refused. The trial being without a jury, instructions are of little concern except as they may disclose the theory upon which the case was tried. The instruction was properly refused as not being, in all its terms, founded on the evidence and in omitting hypotheses which defendant was entitled to have considered.

The result therefore is that we have a case presented to the trial court on evidence for either party. That evidence, taken as a whole, is sufficient to support the finding and judgment, and it is therefore affirmed. All concur.