LOUIS KOSLOSKY, et al., Respondents, v. LEON BLOCH, Appellant.

Kansas City Court of Appeals, June 14, 1915.

1. **CONTRACTS: Substitution: Consideration.** When a later contract is substituted for an earlier one the withdrawal of the first and substitution of the second are themselves a consideration.

2. ————: ————: **In Part.** Where one is already legally bound by his contract to perform a certain service a later contract involving only one item of the first contract is not a substitution of one contract for another.

3. ————: **Party Bound: Additional Contract: Consideration.** Where one is already legally bound by his contract to perform a certain service, a later contract agreeing to pay him a larger compensation for that service is without consideration.

4. ————: **Tender: Admission.** A tender of a sum to the opposing party and depositing it in court is an admission that it is due that party.

5. ————: **Tender: Requisite to Bringing Injunction: Judgment.** Where a beneficiary is proceeding to foreclose his deed of trust on the debtor's property and the latter believing the debt to have been paid brings an injunction to prevent the sale, it is not necessary, as a requisite to his right to bring the action, that he should tender any sum, although the court finds that he still owes a balance. It is sufficient to authorize a judgment granting the injunction if he tenders the amount found by the court and deposits it in court.

191M.A.17

6. ———: ———: **Costs.** Although it is not necessary to make a tender to one who is proceeding to foreclose a deed of trust, before bringing an injunction against him, to prevent the sale, and although the court finds a balance is due the holder of the deed and the debtor then tenders it and pays it into court and the latter sustains the injunction, yet the holder of the deed of trust is entitled to a judgment for the costs.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn*, Judge.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

*H. H. McCluer* and *Chas. A. Loomis* for appellant.

*Ben R. Estill* for respondents.

ELLISON, P. J.—Defendant Bloch held a deed of trust given to a trustee to secure a debt of $625 due to Bloch from plaintiffs. Bloch was proceeding to foreclose the deed of trust and plaintiffs sued out an injunction, forbidding a foreclosure and asking a cancellation on the ground that the debt had been satisfied. The trial court found there was due Bloch a balance of $53, which plaintiffs thereupon tendered to him and on his refusal to accept, paid it into court. A decree was then entered for plaintiff and the costs assessed against defendant. Bloch then appealed.

It appears that plaintiffs desired to build some apartment houses on ground owned by them in Kansas City and which was encumbered with a mortgage for $6500. They were unfortunate with the building, in that while they paid contractors, the latter did not pay for labor and material and the consequence was that various liens were filed against the building and plaintiffs bid fair to lose it and their money, too. In this situation they secured the service of Bloch to do for them the best he could towards relieving them of their difficulties by way of defending, settling and compromising lien claims and obtaining additional loans

with which to complete the building. Their contract
with Bloch was in writing, expressing fully and clearly
his obligation to perform that service for which they
were to pay him $625. He immediately proceeded with
the business. He made an arrangement whereby the
mortgage then on the property was cancelled and a
new one placed for $8000 and a second for $5000.
Plaintiffs had paid Bloch $125 in cash and now gave
him a note for $500 with a third deed of trust (the
one now in controversy) to secure it.

Bloch then compromised or settled all the claims
against the building except one, known as the Wilson
Lumber Company claim for $862. That company re-
fused to compromise and that sum was left with the
agents who had furnished plaintiffs the money and
taken the first and second mortgages, so that their prin-
cipal would be safe in case the Wilson Company main-
tained its lien. It was then concluded to contest the
lien, and it was defeated in court. This defense of
the Wilson Company claim was made the excuse or
basis for another contract which Bloch signed shortly,
perhaps a month, after the first one, in which they
agreed to pay Bloch one-half of the Wilson Company
claim if he defeated the case *in toto,* or one-half of
whatever he reduced it. The contract further author-
ized Bloch "to appoint such other attorney, or attor-
neys, as may be necessary, or as he may deem proper."

This case turns on the legal force of the last con-
tract; for it was shown that various payments were
made to Bloch which he testified he applied to the
payment of what he claims was due him under the
last contract, whereas plaintiff insists they owed noth-
ing on that contract and that the payments were made
on what was owing him on the first contract. The
ground of plaintiff's contention that the last contract
had no legal force is, that it was wholly without con-
sideration, for the reason that it was an agreement to
pay him again for what he was already obliged to do.

by the first contract. On the other hand, Bloch claims it is valid as being a substitution for the first contract, and that in substituted contracts, the substitution itself is a consideration; and that is the law. [Carman v. Harrah, 182 Mo. App. 365, 376; Smith v. Crane, 169 Mo. App. 695; Pottery Co. v. Folckner, 131 Mo. App. 105; Pressed Brick Co. v. Burr, 76 Mo. App. 380; Cannon Co. v. Boswell, 117 Mo. App. 473.]

But, it only requires a glance at the two contracts to see that the agreement in the second—the defense of the Wilson lumber company claim—was precisely what he agreed to do in the first. In the first, it is recited that "whereas suits to enforce mechanics liens have been instituted by claimants. . . . Now, therefore, inasmuch as it is necessary for said Koslosky to employ an attorney to accomplish the following results: To properly defend said lien suits: to settle and compromise claims for labor and material, by securing discounts and otherwise. . . . To secure a loan or loans, . . . Now it is agreed, that Louis and Sarah Koslosky hereby employ Leon E. Bloch, as their attorney, to do and perform the services and accomplish the results above specified, and he agrees to perform said services and accomplish the results stated, for the aggregate sum of six hundred and twenty-five dollars, which Louis and Sarah Koslosky agree to pay him for said services in the following manner—$125, February 20, $100 when building is completed, ready for occupancy and all expenses paid, and $400 when suits and liens are all settled and property released," etc.

The second contract was by no means a substitution for the first. It was merely an attempt to fix an additional charge for performing one of the parts named in the first contract which he had specifically agreed he would perform for a price specified in that contract. It was palpably *nudum pactum.* [Lingerfelder v. Wainright, 103 Mo. 578; Lappin v. Crawford,

186 Mo. 462, 471; Wear Bros. v. Schmelzer, 92 Mo. App. 314, 323; Hilt v. Hammond, 179 Mo. App. 406; Koerper v. Royal Inv. Co., 102 Mo. App. 543; Storck v. Mosker, 55 Mo. App. 26; Orr v. Sanford, 74 Mo. App. 187.]

There is one part of the second contract which authorized Bloch to employ another attorney to assist him in the Wilson Lumber Company lien, which the trial court seems to have allowed to stand on the ground that Bloch had made the employment under such authority. That phase of the case was in Bloch's favor and against plaintiffs who are not appealing; and hence it is not before us for decision.

Notwithstanding the trial court found against the validity of the second contract in its provision for a second fee for Bloch's services, it nevertheless found that there was a balance of $53 due him under the first contract. Plaintiffs, by making a tender of that sum and depositing it in court, admitted it was due. [Johnson v. Garlichs, 63 Mo. App. 578, and authorities there cited.] And therefore Bloch had the right to proceed with the foreclosure of his deed of trust up to the date of the tender. The matter of tender is thus made a second feature of the case, and that, in fact, only affects the costs. For, in our view of the evidence, under the law applied by the trial court, and we think properly, Bloch is faring well to be allowed the $53 balance found by the court, and the only question about the propriety of the judgment, is whether plaintiffs should have tendered the costs. Since the tender is a concession that a balance was owing to Bloch, ordinarily plaintiffs if they knew it was due, should have paid or tendered that sum before filing the bill for injunction. Realizing this, plaintiffs seek to avoid the effect of it, by invoking that rule of law which permits dispensing with a tender when it is apparent it would be a useless and vain thing to do. Bloch goes

farther and seems to take the position that a tender was a necessary prerequisite to the filing of the bill.

We are of the opinion that neither of these rules of law are applicable to the legal nature of the case and the facts. The action being in equity for injunction to restrain a sale of land for debt, and to cancel the debt, naturally included an adjustment or accounting between the parties, in reference to payments. The fact that plaintiffs mistakenly believed the whole debt was paid, ought not to bar a prosecution of the action if it turned out on trial, that something was still due. It would be unreasonable to turn them out of court for such mistake and require them to make a tender and begin over again. It was enough that they made the tender in court as soon as the amount was ascertained. They were not required to make the tender as a prerequisite to bringing their bill. [Barnard v. Cushman, 35 Ill. 451, 454; Nye v. Swan, 49 Minn. 431, 437; Loell v. Hadden, 85 Tex. 182, 188.] See, also, in this connection opinions of Judges SHERWOOD and BLACK in Kline v. Vogel, 90 Mo. 239. Having made that tender it is inconsistent now to set up the excuse that they were relieved from a tender by the claimed fact that defendant would not have accepted it. They did right in immediately tendering and depositing into court the amount of balance found to be owing. And the court was right in rendering judgment for plaintiffs, but we think erred in assessing the costs against defendants. [Glos v. McKeown, 141 Ill. 288.]

The judgment will therefore be affirmed except as to the costs as to which it will be reversed and the cause remanded with directions to enter judgment for defendant for the costs. All concur.