G. S. DAVIS AND H. A. DAVIS, RESPONDENTS, v. F. A. CULMER, APPELLANT.*

Kansas City Court of Appeals. June 6, 1927.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 858, n. 3; Contracts, 13CJ, p. 592, n. 21; p. 593, n. 35; p. 603, n. 65; Mortgages, 41CJ, p. 808, n. 13; Pleading, 31Cyc, p. 751, n. 52.

*Lionel Davis* for respondents.

*F. A. Culmer, pro se, R. M. Bagby, A. B. Chamier,* and *Scarritt, Jones & North* for appellant.

FRANK, C.—This case originated in the justice court of Howard county where plaintiffs sued defendant for $180 interest on a note which·plaintiffs owned. Plaintiffs recovered judgment in the justice

court and defendant appealed to the circuit court where the cause was again tried and judgment rendered in favor of plaintiffs in the sum of $180. Defendant brings the case here by appeal.

The facts are substantially as follows: Plaintiffs were the owners of a $3000 note executed by Grover DeHaven and Richard M. Elliott, to plaintiffs. This note was dated January 10, 1920, due five years after date, bearing six per cent compound interest from date and was secured by a first deed of trust on lands in Howard county.

Defendant was the owner of a certain other note secured by a second deed of trust on the same land. This land is known in the record as the Snell land. The land was sold under the second deed of trust on February 9, 1924, and defendant purchased the land at this sale. After purchasing the land defendant paid the accrued interest on plaintiff's note up to January 10, 1924, and thereafter held the land as owner, subject to plaintiff's first deed of trust. Plaintiffs' $3000 note together with one year's interest thereon came due on January 10, 1925. On January 5, 1925, defendant mailed plaintiff, G. S. Davis, a check for $180 with the following notation or memorandum written thereon:

"Int. on note secured by Snell land mortgage. Due January 10, 1925 and prepayment in consideration of renewal of note for 1 yr."

Plaintiff cashed this check and the amount thereof was credited on the $3000 note as interest. This check represented the amount of interest due on plaintiffs' note from January 10, 1924, to January 10, 1925.

. Plaintiff, G. S. Davis testified that he could write his name but could not read writing and did not know there was a written memorandum on this check at the time he endorsed and cashed it; that defendant had said nothing to him about extending the note for another year.

Later, on or about the 12th or 15th day of January, 1925, Davis learned that this written memorandum was on the check and that defendant was claiming that this memorandum was a contract for the extension of the note for another year. When Davis learned that defendant was making such claim, he called him to the bank in Fulton where, as testified to by Davis, the following conversation took place between them.

"Q. Tell what you said to Culmer and what Culmer said to you. A. I called him down there and said, 'You are claiming this place another year.' I said, 'I didn't agree to any such thing.' He said, 'The check will show it.' And then Mr. Kirby came out from the back of the bank, and he said, 'Well, being as there is a misunderstanding about it I will pay your taxes and your interest for another year.' And Kirby said to me, 'I would let him have it.' And I

said, 'Of course, that will be all right.' And so he went on and that was the last of it until they sent the deed back.

"Q. Who said, 'I will pay your taxes and interest?' A. Culmer.

"Q. Did you extend the note another year at that time? A. Yes, sir."

Alvin Kirby, cashier of the bank heard the conversation between plaintiff and defendant at the bank. His testimony on this subject is as follows:

"Q. Now, just relate the conversation with Davis and Culmer had in the bank on that day? A. I called Mr. Culmer and he came down, and when he came in Mr. Davis was sitting in the front part of the bank and we walked back together.

"Q. Were you present? A. I certainly was, and Mr. Davis said, 'Mr. Culmer, what about this check you sent me to pay that interest?' Mr. Culmer said, 'Mr. Davis that renews the note, and you have entered into a contract with me.' And Mr. Davis said, 'I haven't any contract with you about renewing the note.' He said, 'You have, on the check I gave you. I gave you a check dated the 5th "or something" of January, and that made the contract.' And I said, 'Mr. Culmer, I wouldn't consider that a consideration to renew that note.' And Mr. Culmer said, 'Inasmuch as there is a misunderstanding about it I will agree to pay the taxes'—understand, now, the $180 didn't prepay the interest—

"Q. (interrupting) When was the interest due? A. The $180 paid the interest to the 10th of January, 1925. Then Mr. Culmer says, 'I will pay the taxes on the place and pay you a year's interest on your money;' and then he went ahead with some extemporaneous remarks and then said, 'If at the end of that time you want your money we can get it.'

"Q. Why did he make this agreement—did he say? A. He wanted to extend the note another year with the expectation of selling the farm.

"Q. Who had this farm? A. Mr. Culmer—the title was in him. And I said, 'Mr. Davis if I was in your place I would grant an extension of time, because he owns his property in town and I would give him the privilege of another year, because he is a man of his word.'

"Q. And state whether he said he would do it? A. He told him if he would extend the note for a year he would pay interest and taxes.

"Q. State whether Mr. Davis said he would extend it. A. He said he would do it.

"Q. Do you know whether Mr. Davis can read? A. I know he can't."

Defendant denied making any agreement with plaintiff at the time and place testified to by plaintiff and witness, Kirby. He testified that on January 1, 1925, plaintiffs agreed to extend the payment of the $3000 note to January 1, 1926, if he, defendant, would pay the $180 interest due on said note on January 10, 1925. He further testified that on January 1, 1925, he gave plaintiff the $180 check with the memorandum of the extension agreement written thereon.

Plaintiffs did not foreclose their deed of trust when due but extended the note to January 10, 1926. During which time defendant sold timber from the land, collected $300 rent therefrom and at the end of the year refused to pay the year's interest and mailed plaintiffs a deed conveying the land to them. Plaintiffs refused to accept the deed and brought this suit to recover the year's interest which defendant had agreed to pay.

Plaintiffs' petition is bottomed on the alleged oral agreement made on or about January 12, 1925, whereby defendant agreed to pay plaintiffs' one year's interest on the $3000 note in consideration of plaintiffs' extending the due date of said note to January 10, 1926. The result of this case depends on the validity of this oral agreement.

The original petition alleged the making of this oral agreement on January 5, 1925. Plaintiffs were permitted to amend the original petition by alleging the making of this agreement on January 15, instead of January 5th as alleged in the original petition.

Appellant contends in brief that the court erred in permitting this amendment because the cause of action stated in the amended petition is a departure from that stated in the original petition. Appellant is not in a position to urge this point. The error, if any, was waived by answering the amended petition and going to trial on the merits. [Lunsford v. Landon, 265 S. W. 529, 304 Mo. 654; Bowles v. Railroad, 187 S. W. 131; Holtzolaw v. Railroad, 190 S. W. 91); Crecelius v. Railroad, 223 S. W. 413; Mathewson v. Larson-Myers Co., 217 S. W. 609.]

As above stated, plaintiffs' $3000 note was secured by a deed of trust on certain land. Defendant held a second deed of trust on the same land. This land was sold under the second deed of trust and defendant bought the land at such sale. Defendant's purchase did not render him liable on plaintiffs' note and he denies that he thereafter agreed to pay the interest on said note. We must assume that defendant did orally agree to pay plaintiffs the $180 interest sued for in consideration that the due date of the $3000 note be extended to January 10, 1926, because the jury so found on conflicting testimony. Our question is whether or not this oral agreement was a valid and binding contract.

Defendant contends that plaintiffs' acceptance of his check for $180 interest due January 10, 1925, with the notation thereon, "Int. on

note secured by Snell land mortgage. Due January 10, 1925, and prepayment in consideration of renewal of note 1 yr.," constitutes a valid and binding written contract and that plaintiffs were bound under the terms of said contract to extend the date of the note to January 10, 1926, without further consideration.

Defendant also contends that the oral agreement thereafter made whereby he agreed to pay plaintiffs the $180 interest which would become due on January 10, 1926, in consideration that the $3000 note be renewed for one year, cannot be considered as a modification of the written contract or a substitution therefor for the reason that such oral agreement bound defendant to pay plaintiffs additional compensation for doing that which he was already obligated to do under the written contract and for that reason. it is without consideration and void.

The law relative to defendant's contention on this point is well stated in the case of Brown v. Irving, 269 S. W. 686, 687, in the following language: "The demurrer was properly sustained. There is no consideration recognized in law for the supplementary agreement. . . .

"It is well-recognized law that, when one promises another additional or different compensation if he will do what he is already obligated to the promisor to do the promise is without consideration and unenforceable." [Citing cases.]

It has been held many times by the courts of this State that parties to an executory contract may later substitute another agreement for such executory contract and such substitution is a sufficient consideration for a release of the obligations of the original contract. This statement, however, must be received with the qualifications that the substituted agreement must change the obligation of both parties to the original contract in order to constitute a consideration. The law as to the substitution of one contract for another is well stated in Car Mfg. Co. v. Rolling Mills Co., 285 Mo. 669, 693, 694, in the following language:

"It has been repeatedly held by each one of the Courts of Appeals in this State that an agreement made in substitution of an executory contract of prior date, annuls the former contract and is itself a sufficient consideration for a release of its obligations. [Carman v. Harrah, 182 Mo. App. 376-7; Smith v. Crane, 169 Mo. App. 708; Welch v. Mischke, 154 Mo. App. 735; Cannon-Weiner Co. v. Boswell, 117 Mo. App. 476-7; Mulliken v. Hazeltine, 160 Mo. App. 13; Pressed Brick Co. v. Barr, 76 Mo. App. 386; Pottery Co. v. Folckemer, 131 Mo. App. 105.] While the rule is thus stated broadly the substituted arrangement must contain a charge of the obligation of each party in order to constitute a consideration. If the obligation of one party only is affected by the new arrangement, and the other party re-

ceives nothing additional and is relieved of no duty, then there is a want of consideration. [Koslosky v. Block, 191 Mo. App. 257, 1. c. 260; Zerr v. Klug, 121 Mo. App. 286, 1. c. 292; Wilt v. Hammond, 179 Mo. App. 406, 1. c. 414-16.]

The law as stated in Brown v. Irving, and Car Mfg. Co. v. Rolling Mills Co., supra, does not apply to executed contract therefore such cases do not support defendant's contention relative to the contract in suit. The oral contract in this case was fully executed by both parties. Plaintiffs extended the payment of the $3000 note for one year from January 1, 1925, for which the defendant agreed to pay the $180 interest for that year. Defendant had possession of the place during such year and collected $300 rent therefrom.

The law governing the construction of modified contracts which have been acted upon by both parties is stated by this court in Latham v. Douglas, 206 S. W. 392, as follows:

"The modified contract was acted upon by the parties, whereby the old contract was abandoned, which of itself is a consideration."

The same question was before us in the case of Cannon-Weiner Co. v. Boswell, 117 Mo. App. 473, 476, whereat we said,

"Besides acting on the contract as modified (if defendant's evidence is to be believed) there was an abandonment of the original contract, which of itself will uphold the modification thereof, so far as consideration is concerned."

In view of the authorities above cited it is our conclusion that the action of the parties under the oral agreement made on or about January 15, 1925, clearly shows that the parties intended to and did abandon the original agreement. The abandonment of the original agreement is a sufficient consideration to support the modified or substituted agreement.

Contention is made that the court erred in giving instruction A. at the request of plaintiffs. The substance of this instruction is that if the jury find from the evidence that within one year prior to January 10, 1926, plaintiffs agreed to extend the time of payment of the $3000 note to January 10, 1926, and that in consideration thereof defendant agreed to pay the annual interest falling due January 10, 1926, on said note and that plaintiffs extended the time of said note, and the defendant failed to pay said annual interest their finding should be for the plaintiffs. This instruction also contained the following further recital.

"On the other hand, you are instructed that if you believe from the evidence that defendant did not agree to pay the annual interest above mentioned, or that defendant made such an agreement to pay said annual interest, but that same was not made within one year next before January 10, 1926, then your verdict should be for the defendant."

This instruction is in line with our view of this verbal contract, we, therefore, hold that the court did not err in giving such instruction.

Contention is also made that the court erred in refusing instruction No. 1 requested by the defendant. This instruction, in effect, told the jury that if it be found that defendant on or about January 1, 1925, gave plaintiffs the check for $180 to cover interest falling due on the 10th of said month and that said check was received and cashed by plaintiffs in consideration of the extension of plaintiffs' note for one year, then the verbal contract entered into between plaintiffs and defendant on or about the 15th day of January, 1925, for the extension of plaintiffs' said note for one year, was without consideration and void and their verdict should be for the defendant. This instruction is bottomed on the theory that the verbal contract entered into between the parties after the giving of the check in question, was void for want of consideration. Our conclusion, heretofore expressed, that the verbal contract was supported by a consideration because performed by both parties, necessitates ruling this contention against the defendant.

We find no reversible error in the record, and therefore affirm the judgment. *Williams, C.,* not sitting.

PER CURIAM:—The foregoing opinion by FRANK, C., is hereby adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.