NATIONAL SURETY CORPORATION v.
CITY OF EXCELSIOR SPRINGS, MO.,
ex rel. and to Use of SCHWARZEN-
BACH.

No. 11965.

Circuit Court of Appeals, Eighth Circuit.
Nov. 26, 1941.

Rehearing Denied Dec. 18, 1941.

Otto O. Fickeissen, of St. Louis, Mo. (Roy W. Crimm, of Kansas City, Mo., on the brief), for appellant.

Lancie L. Watts, of Kansas City, Mo., for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This was an action brought for the use of A. C. Fitze against the National Surety Corporation, to recover on a bond given by MacDonald Construction Company to the City of Excelsior Springs, Missouri, on which the National Surety Corporation was the surety. The MacDonald Construction Company had been awarded a contract for the construction of the Hall of Waters in the City of Excelsior Springs. The bond not only insured the performance of the contract but the payment of all labor and materials used in its performance. Fitze was a subcontractor. His complaint alleged that he had entered into an oral contract with MacDonald Construction Company, whereby he was to do the marble and tile work on the Hall of Waters on a cost plus ten per cent basis. The original complaint demanded judgment for $3,035.85 as a balance due plaintiff.

The complaint alleged that of the total cost of the work of $16,345.95, the general contractor, MacDonald Construction Company, had left unpaid bills amounting to $1,401.26; that under plaintiff's contract he was entitled to ten per cent on the entire cost, so that there was due him the sum of $1,401.26 for cost of labor and material, and the sum of $1634.59, the ten per cent commission, making a total due of $3,035.85. The complaint was later amended to increase the demand to $3,214.-34. The amended complaint alleged that the cost of materials and labor was $16,-508.21; that the contractor, MacDonald Construction Company, had left unpaid on the cost of labor and material the sum of $1,563.52, which added to the ten per cent commission on the entire amount of cost made the sum of $3,214.34 due him. The amended complaint was filed November 14, 1938.

On February 14, 1939, the parties, by their respective attorneys, filed a written stipulation to the effect that under the contract between MacDonald Construction Company and Fitze, if the jury should find that the contract ultimately agreed upon by the parties was a "cost plus ten per cent contract," the verdict and judgment should be for plaintiff in the sum of $1,867.71, with interest from October 28, 1937, to the date of the judgment and the costs of the case. The stipulation also provided that if

the jury should find that the contract ultimately agreed upon by the parties was a "lump sum contract," the verdict and judgment in favor of plaintiff should be for $53.76.

The surety company, in its answer to the amended complaint, filed December 13, 1939, challenged the jurisdiction of the court on the ground that the amount in controversy did not exceed, exclusive of interest and costs, the sum of $3,000. The answer also denied that the Fitze contract was an oral one for cost plus ten per cent, but alleged that it was a written contract for a lump sum and that on that contract there was due only the sum of $53.76.

Following the filing of the written stipulation signed by counsel for the respective parties, defendant moved to dismiss the action on the ground that the court had no jurisdiction because the proper jurisdictional amount was not involved. After hearing testimony on the motion, the court denied it, finding that: "The plaintiff could not be charged with wilfully ignoring facts or with wilfully neglecting to secure the facts." The action was tried to the court and a jury, and at the close of all the testimony, defendant moved for a directed verdict, which motion was denied and the case was submitted to the jury upon instructions to which neither party saved any exceptions. The jury returned a verdict for Fitze for the amount admitted in the stipulation to be due if his contract with the MacDonald Construction Company was a cost plus contract. Defendant moved for judgment notwithstanding the verdict, or for a new trial in the alternative, which motion was denied, and from the judgment entered on the verdict, the surety company prosecutes this appeal and seeks reversal on substantially the following grounds: (1) The court was without jurisdiction and erred in refusing to dismiss the action for lack of jurisdiction; (2) plaintiff, Fitze, having contracted to do all the tile and marble work required on the building according to plans and specifications for a lump sum, any agreement changing the basis of compensation and for increased compensation was without consideration, and hence, not binding on the contractor, MacDonald Construction Company; (3) the court erred in admitting evidence that MacDonald Construction Company paid Fitze's labor and material bills.

At the very threshold of this case we are confronted with a challenge to the jurisdiction of the lower court. As already outlined, plaintiff's complaint as amended demanded judgment for $3,214.-34. Some three months after the complaint had been filed, the parties filed the written stipulation referred to, indicating that in no event was plaintiff entitled to recover more than $1,867.71 with interest from October 28, 1937, to the date of judgment, and the costs of the case. At the hearing on defendant's motion to dismiss, the court took evidence confined to that issue. Fitze testified that at the time the complaint was filed, he did not have the information that he had at the time of the hearing; that the stipulation was signed by his attorney, but that he still considered that he was entitled to more than $3,000. He said: "I never got any statement from the MacDonald Construction Company." There was attached to the original complaint a copy of a sheet of Fitze's ledger and at the hearing the original ledger sheet in Fitze's handwriting was produced. That ledger sheet is made up of various items and showed a balance due Fitze of $3,035.-85, as alleged in the original complaint. It appeared from the testimony at that hearing that Fitze made a ledger record of the items, including bills, and then gave written instructions to the contractor to pay these bills. When the contractor paid the bills Fitze made a record of it on the margin of his ledger sheet. In March, 1937, he asked the construction company for a statement showing the amount that had been paid out by it on account of labor and materials. This was not furnished him. He made similar request for the following month, which was not complied with. For the third month he made a similar request, which was declined. The only information during the seven months' progress of this work which he received as to payment of bills for labor or material was when he specifically asked one of the employees on the job whether a specific bill had been paid. At the completion of the job, not having received statements from the contractor, Fitze prepared a statement of his account and sent it to the MacDonald Construction Company, in which he gave the figures that appear on his ledger.

It was plaintiff's theory that he was entitled to recover the amount of the unpaid labor and material bills plus ten per cent of the total cost. Fitze claimed to have paid out, in addition to the labor and material bills, insurance amounting to $498.24, which added to the ten per cent cost plus

and the amount of the unpaid labor and material bills amounted to $3,212.89. Fitze sent a statement to the MacDonald Construction Company showing these amounts and this made up the total of the amount claimed in the amended complaint. No response was made by the contractor to these demands, but it apparently acquiesced therein. After the suit was filed, the plaintiff was required to make his complaint more definite and certain and set out every item. In doing so, plaintiff's counsel first learned about the payment of certain of the bills, and realizing that the plaintiff did not have coming from the defendant all that he originally claimed, signed the stipulation.

■ At the trial of the action on the merits, plaintiff testified that over a period of several months he requested from the construction company a statement showing what bills had been paid by that company but that no such statement was furnished him until after the suit was filed. William MacDonald, in charge of the affairs of the MacDonald Construction Company during the times in question, was a witness for the defendant and on cross-examination he testified that Fitze made various demands of him for a statement as to what was due Fitze. He also admitted that Fitze had sent to the construction company statements of the account as he claimed. Referring to the amount claimed in Fitze's demand, the witness said: "The statement says $3212." The written statement was not received in evidence because it was a self-serving declaration, but the testimony with reference to its contents would seem to be material on the question of the good faith of Fitze's demand. It conclusively proved that Fitze, before he commenced this action, was claiming that the MacDonald Construction Company owed him more than $3,000. No response seems to have been made by the construction company to these demands of Fitze, but it apparently acquiesced therein until a statement was furnished after the present suit was filed.

The District Courts of the United States have original jurisdiction of suits of a civil nature between citizens of different states, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000. 28 U.S.C.A. § 41 (1). The complaint alleged that the requisite amount was involved and this was denied by the answer. 28 U.S.C.A. § 80, provides that: "If in any suit commenced in a district court, or removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court * * * the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

■ In an action in which a money judgment is sought, the amount claimed in good faith by plaintiff determines the amount in controversy for jurisdictional purposes. This amount is not affected by any defense that may be set up by the defendants, nor by the proof adduced during the trial of the case, nor the amount of the recovery. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845; Thompson v. Terminal Shares, 8 Cir., 89 F.2d 652; Sparks v. England, 8 Cir., 113 F.2d 579. It has been held that the fact that plaintiff made a mistake as to the amount due him, and voluntarily admitted on the stand that an amount below the jurisdiction of the court was actually due, will not deprive the court of jurisdiction acquired under an original bona fide claim. Of course, this rule is subject to the exception that if the law as applied to the cause of action as pleaded results in a lesser amount, the claim will not sustain the court's jurisdiction. In the absence of proof to the contrary, or of circumstances which amount to proof, a presumption exists that plaintiff acted in good faith with respect to the amount of his claim. In the instant case, the court upon the proofs adduced, found that he had so acted and the proof of his good faith is, we think, clear and convincing. The applicable rule is well stated in St. Paul Indemnity Co. v. Red Cab Co., supra [303 U.S. 283, 58 S.Ct. 590, 82 L.Ed. 845], where, in an opinion by Mr. Justice Roberts, it is said: "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdic-

tional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed."

Again the court said: "Of course, if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow. But the fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdictional requirement, will not justify remand. *And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."* (Italics supplied).

Here, the plaintiff by suit attempted to collect exactly what he was attempting to collect without suit. He was seeking to recover the amount shown in his written account furnished the construction company which was retained by it without protest or objection. He had thus laid the foundation for a claim based upon an account stated. Leather Manufacturers' Nat. Bank v. Morgan, 117 U.S. 96, 6 S.Ct. 657, 29 L. Ed. 811; Standard Oil Co. v. Van Etten, 107 U.S. 325, 1 S.Ct. 178, 27 L.Ed. 319; Chinn v. Lewin, 57 App.D.C. 16, 16 F.2d 512, 40 A.L.R. 1480. After suit was commenced, it was discovered by him or his attorney that payments had been made on certain bills for material or labor without his knowledge, and as the payments were not made through him, there was a good excuse for his lack of knowledge. The jurisdiction of the court having been challenged, the lower court placed upon the plaintiff the burden of proving facts which sustained that jurisdiction. The court found that the amount claimed in plaintiff's complaint had been claimed in good faith and that finding is sustained by conclusive evidence. We are of the view that the court correctly retained jurisdiction of the action.

In urging that the court erred in denying its motion for a directed verdict, the construction company contends that plaintiff was obligated under the original written contract to furnish the work and material, and hence any agreement, if made, changing the basis of compensation or for increased compensation, was without consideration. The lower court submitted to the jury the question as to whether as the result of a good faith dispute, between Fitze and the construction company, a new contract was entered into and the original contract abandoned. In doing so, the court instructed the jury that Fitze had a contract with the construction company for the construction of certain tile work; that this contract was a lump sum contract but that it was claimed by Fitze that after the contract had been entered into a dispute in good faith arose between him and the construction company as to what materials should be used in the construction of the building in the performance of this contract; that it was claimed by Fitze that this dispute was settled by a modification of the original contract so as to change the compensation from a lump sum to cost plus ten per cent. The court also instructed that if there was not a good faith dispute, then the original contract would govern and plaintiff would not be entitled to recover, but that if there was a dispute as to what materials should be used by plaintiff in performing his contract and that dispute was settled by changing the contract to a cost plus one, then the jury might find for the plaintiff in the amount stipulated.

 These instructions, not having been excepted to by either party, became the law of the case, and in determining whether the evidence was sufficient to sustain a verdict for plaintiff, we must test its sufficiency by the law as announced therein. Plaintiff did not sue upon the written contract, but upon an oral contract, which was a modification of the original, and the jury, under the court's instructions, found that there was a good faith dispute between the parties with reference to the character of the material to be furnished and used by Fitze in the performance of the contract and that this dispute was settled by an abandonment of the old contract

and the substitution of a new one. If there is substantial evidence to sustain such finding by the jury, then the court properly denied defendant's motion for a directed verdict. It appears from the evidence that plaintiff, after the architect ruled that a higher grade of tile must be used than that which he was proposing to use, submitted a proposition to MacDonald Construction Company to do the work for $3,125 additional compensation. This offer, however, was not accepted, and hence, is not now material in the consideration of the issue here presented. MacDonald Construction Company, instead of agreeing to pay Fitze $3,125 additional compensation, proposed an entirely new contract to be substituted for the old one so far as the matter of compensation was concerned. To be sure, this was not admitted by the construction company, but the jury has determined that issue in favor of Fitze. Under this contract, MacDonald Construction Company, instead of paying a lump sum, was obligated to pay the cost of material and labor, plus ten per cent. We are of the view that the evidence was sufficient to sustain the verdict with reference to the dispute between the parties, and under the law of Missouri it is held that a valid contract may be superseded by another valid contract. Welch v. Mischke, 154 Mo.App. 728, 136 S.W. 36; Davis v. Culmer, 221 Mo.App. 1037, 295 S.W. 803; Graves v. Merchants & Mechanics Insurance Co., Mo.App., 139 S.W.2d 1039; Cannon-Weiner Co. v. Boswell, 117 Mo.App. 473, 93 S. W. 355. We conclude that the court did not err in denying defendant's motion for a directed verdict.

Witnesses were permitted to testify that under a lump sum subcontract, the subcontractor usually paid the bills for material and labor, while under a ten per cent plus contract the general contractor usually paid the bills for material and labor. Under "Points Relied Upon," it is charged that: "The court erred in admitting incompetent, irrelevant and prejudicial testimony and evidence offered by the plaintiff over the objections and exceptions of defendant, namely: evidence of appellant having paid relator's labor and material bills—the sole purpose of which was to show and establish a cost-plus agreement notwithstanding relator's own testimony that such practice was only the continuance of a custom of years between them on fixed or lump sum contracts."

No specific rulings are set out, so that we can not tell from an inspection of the charged error what the question was, what the objection was, what the ruling of the court was, nor what the answer was. True, it is followed by certain record references, but this simply invites this court to search the record for error. Rule 14, paragraph 2, subdivision 4, provides that the brief shall contain a separate and particular statement of each point relied upon intended to be urged, with the record page thereof, and that: "When the error is as to the admission or rejection of evidence, the statement shall quote such evidence with the rulings thereon, giving pages of the printed record where it occurs." If, as stated in the point, the plaintiff testified that the practice of paying bills for labor and material by the contractor was only a continuance of a custom of years between them on fixed or lump sum contracts, it is difficult to see how the defendant in any event could have been prejudiced by the admission of the testimony complained of. The testimony was in any event competent and material on the issue which the court submitted to the jury; to-wit, whether Fitze had in settlement of a good faith dispute secured a cost-plus contract, instead of a lump sum contract. The testimony went to the distinguishing features of such contracts. As the assignment is wholly insufficient to bring the matter before us, we pass it without further consideration, except to say that our examination of the record convinces us that the rulings were not prejudicial to the defendant.

The judgment appealed from is therefore affirmed.