**INDIANA LIMESTONE COMPANY, Inc., an Indiana corporation and City of Pittsburgh to Use of Indiana Limestone Company, Inc., an Indiana corporation, Plaintiff,**

v.

**BRANNA CONSTRUCTION CORPORATION, a Pennsylvania corporation, and United States Fidelity and Guaranty Company, a Maryland corporation, Defendants.**

Civ. A. No. 66–290.

United States District Court
W. D. Pennsylvania.

April 14, 1966.

Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for plaintiff.

Markel, Markel, Levenson & Fischer, Pittsburgh, Pa., for defendants.

WEBER, District Judge.

In the above action the defendants have moved to dismiss the complaint on the ground that the amount in controversy is less than $10,000 exclusive of interest and costs. There is no dispute between the parties that the balance due for labor and materials under the fixed contract price pleaded by plaintiff with the allowance for credits to defendants shown in plaintiff's complaint is less than $10,000. It is only by the inclusion of an additional sum claimed by the plaintiff for Pennsylvania Sales and Use Tax that the plaintiff's total claim exceeds $10,000. Defendants claim that under the fixed price contract pleaded by plaintiff and the credits allowed defendants by plaintiff there is no grounds upon which plaintiff may properly make a claim for inclusion of its sales tax claim. Defendants further allege that the contract pleaded by plaintiff makes no provision for the payment of sales tax and that the sales tax statute and its administrative regulations placed the burden of the sales tax upon the subcontractor who used or consumed the materials in the prosecution of his contract, unless specifically otherwise provided by agreement between the parties. Plaintiff has not pleaded a subsequent modification of the fixed price contract but in his complaint the demand for damages supported by a statement of account attached as an exhibit lists this item as part of the total claim in excess of $10,000.

While defendants claim that under the contract pleaded, and under the applicable Pennsylvania law, there is no right shown to support a claim for inclusion of the sales tax item, nevertheless we are of the opinion that the determination of this question involves the determination of disputed questions of fact or law.

" * * * Except in the plainest cases the issue of jurisdictional amount should not be decided if the ruling constitutes at the same time a decision on the merits." Jaconski v. Avisun Corp. and Pangborne & Co. Inc., 359 F.2d 931 (3rd Cir., April 13, 1966).

We cannot say that it is clear to a legal certainty from the complaint that plaintiff can never recover the jurisdictional amount and, therefore, plaintiff's allegations of the jurisdictional amount must stand. See Berger v. Austin Nichols & Co., 170 F.2d 330 (7th Cir., 1948), National Surety Corp. v. City of Excelsior Springs, 123 F.2d 573, 156 A.L.R. 422 (8th Cir., 1941).

"The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, at p. 288–289, 58 S.Ct. 586, at p. 590, 82 L.Ed. 845.

While plaintiff's complaint may be somewhat deficient in statement of the basis of the claim for inclusion of the sales tax under the written contract pleaded, it nevertheless does include the amount as part of its damages. Perhaps, to avoid future difficulty in the presentation of its evidence, plaintiff should amend its complaint. Nevertheless we do not find the present form of the complaint to be such as to require dismissal under the objection that it fails to plead damages in excess of the jurisdictional amount. The motion to dismiss will be denied.