MINNIE HAHN, RESPONDENT, v. DELAWARE, LACKA-WANNA AND WESTERN RAILROAD COMPANY, APPEL-LANT.

Submitted July 5, 1918—Decided November 25, 1918.

1. The fact that the person injured had a predisposition to disease, or a latent weakness, cannot avail the defendant to relieve him from liability from damages which ensue when his negligence brings the dormant disease into activity, or aggravates the latent weakness.

2. Where the latent disease or weakness itself did not cause pain, suffering, &c., to the plaintiff, but such condition plus the fall caused such pain, the fall and not the latent condition is the proximate cause, and the plaintiff is entitled to recover the entire damage shown to have resulted from such fall, from the one whose negligence caused it, without proving how much the plaintiff would have suffered from such latent disease if she had not received the injury.

3. When, upon objection to an improper remark concerning evidence by counsel in addressing the jury, counsel promptly and frankly withdraws such remark, and no request is made either that counsel be rebuked by the court or that the jury be instructed to disregard it, and the incident is thus closed, a reversal is not justified because of such remark.

On appeal from the Hudson County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the appellant, *Frederic B. Scott.*

For the respondent, *Weller & Lichtenstein.*

The opinion of the court was delivered by

TRENCHARD, J.  Minnie Hahn brought this suit to recover for personal injuries sustained whilst a passenger on a ferryboat of the Delaware, Lackawanna and Western Railroad Company.

The evidence disclosed that she was struck by a mop handled by one of the defendant's deck hands; that she fell to the floor, striking a seat in the fall, and was injured.  The jury rendered a verdict in her favor and the defendant appealed from the consequent judgment.

We are of the opinion that the judgment must be affirmed.

The defendant's responsibility for the injury is not questioned.  The only grounds of appeal argued are—*first,* the refusal of the trial judge to charge the defendant's seventh request; *second,* the alleged improper comment by counsel in summing up the case.

The request was as follows:

"If you believe that the ulcerous condition of Mrs. Hahn existed before the accident to her, then you cannot allow her anything for the acceleration of said condition, because there is no evidence to show how much said condition was aggravated or accelerated, and on account of the absence of such evidence you are not permitted to speculate on said matters."

That request appears to be based upon the assumption that the evidence permitted of the inference that an ulcerous condition existed before the accident.  We do not question that it did in the sense that a tendency to ulcer existed due perhaps to "excessive acidity," which had weakened the stomach, but there was no evidence that any ulcer had developed at that time.  The evidence tended to show that prior to the accident Mrs. Hahn was apparently in good health.  She had had no pain or other symptoms of ulcer.  But immediately after the accident she had, and continued to have, severe pains in the region of the stomach and passed blood.  According to the

testimony an ulcer of the stomach then developed due to or accelerated by the injury received in the accident.

Now, the fact that the plaintiff had a predisposition to disease, or a latent weakness, cannot avail the defendant to relieve it from liability from the damages which ensued when its negligence brought the dormant disease into activity, or aggravated the latent weakness. See cases collected in 48 *L. R. A. (N. S.)* 123, *note.*

The request, which was refused, seems to have recognized that rule, in part, at least, but was based upon the theory that no damages could be allowed for the acceleration of the ulcerous tendency because the evidence does not show *how much* such condition was accelerated. But that is not so.

Where, as here, the latent disease or weakness itself did not cause pain, suffering, &c., to the plaintiff, but such condition, plus the fall, caused such pain, the fall and not the latent condition is the proximate cause, and the plaintiff is entitled to recover the entire damage shown to have resulted from such fall, without proving how much she would have suffered from such latent disease if she had not received the injury. *Sherman* v. *Indianapolis T. & T. Co.,* 48 *Ind. App.* 623; *Baltimore City Passenger Railway Co.* v. *Kemp,* 61 *Md.* 619; *Chicago City Railway Co.* v. *Saxby,* 213 *Ill.* 274; *Ehrgott* v. *New York,* 96 *N. Y.* 264.

We conclude, therefore, that the instruction requested was properly refused.

The only other ground of appeal argued is because the plaintiff's attorney, in summing up to the jury, remarked that "the defendant could have produced an X-ray plate of this woman's stomach if it had wanted to do so. They did not want us to produce ours."

Of course, this remark was improper. It was improper because the evidence did not show that the defendant could or should have produced such a plate, and there was nothing to show that the defendant did not want the plaintiff to produce her plate except the fact that when she undertook to prove what her plate disclosed the defendant properly enough objected to the evidence because the plate itself was not produced.

But when plaintiff's counsel made such remark the defendant's attorney objected, saying: "I think that is unfair, and ask that an objection be noted." Thereupon plaintiff's counsel at once said: "I do not want to be unfair about it; Mr. Scott (defendant's attorney) was within his rights in refusing to have them shown here." Nothing more was said upon that topic. Apparently, the incident was closed to the satisfaction of all concerned by the prompt and frank withdrawal of the improper remark. At least no request was made either that counsel be rebuked by the court or that the jury be instructed to disregard the improper remark. In these circumstances we think a reversal would not be justified. *Minard* v. *West Jersey, &c., Railway Co.,* 74 *N. J. L.* 39; *Christensen* v. *Lambert,* 66 *Id.* 531.

The judgment below will be affirmed, with costs.