Supreme Court—Lambert v. Trenton and Mercer Co. Traction Corp.

within the condemnation of the case cited, and the plaintiff in error can take nothing by reason of them.

The judgment under review will be affirmed.

MARTHA LAMBERT ET AL. v. TRENTON AND MERCER COUNTY TRACTION CORPORATION.

Decided February 19, 1925.

**Negligence—Trolley Accident—Child Five Years Old Injured While Crossing Street—Judge's Charge Erroneous, in That It Charged a Principle of Law Which Had no Bearing Upon the Issues Involved in Instant Case as a Rule Which Should Govern.**

On appeal from the Mercer County Court of Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the appellant, *Katzenbach & Hunt*.

For the respondents, *Martin P. Devlin*.

PER CURIAM.

This action was brought by Martha Lambert, a child five years old, and her father, to recover compensation for serious injuries sustained by the child through being run over by a trolley car of the defendant company while crossing Clinton avenue, in the city of Trenton. The uncontradicted proofs showed that she and her young brother were crossing from the east side to the west side of the street, and that while passing in front of the defendant company's trolley car she was knocked down and run over by it. The trial resulted in a verdict in favor of the plaintiffs, and from the judgment thereon the defendant company has appealed.

In dealing with this appeal, we find it necessary to consider only one of the several grounds upon which we are asked to reverse the judgment under review, namely, the following instruction of the court to the jury: "A pedestrian crossing a street is under no legal duty to anticipate any action by the chauffeur of a motor truck that would imperil her safety, and, having an equal right in the street, is not bound to look behind her, without a warning that it was intending to pass her on the left-hand side of the street. . That is the law, and the same principles would apply in this case." This intruction was delivered in compliance with a request submitted by counsel of the plaintiff. That it had no relevance to the case which the jury was called upon to determine is apparent. That its tendency was to confuse the jury as to the real issue which the case presented is equally apparent. That the verdict of the jury may have resulted, to some extent, from their attempt to give effect in their finding to this erroneous instruction, we think, is equally clear, for it was their duty to be governed in their finding by the legal rules which the court instructed them were applicable to the case they were to consider. Where an erroneous principle of law is laid down by a trial court, a verdict, which may have been the result of the erroneous instruction, cannot be supported, and this, we think, is equally true where a principle of law which has no bearing upon the issues involved in a litigation is stated by the trial court to the jury as a rule which should govern them in their consideration of the cause.

For the reasons stated the judgment under review will be reversed.