PETER CIKATZ v. FELIX J. MILWID AND AGNES
GAWALIS.

Decided July 23, 1927.

Sale of Real Estate—Suit to Recover Down Money—Plaintiff,
Vendee, Claimed Property was Not as Stated in Contract
of Sale, in That There Were More Mortgages Than Alleged;
That There Were Two Mortgages When Only One was
Represented as a First Mortgage, and That There was An-
other Mortgage Unmentioned; That There was a Restric-
tion in the Deed Not Mentioned in the Contract, and That
the Vendors Could Not Convey—Trial Judge Charged That
These Certain Matters Must Not be Considered, but Not-
withstanding Charge There was a Verdict for Plaintiff—
Held, Verdict Contrary to Law, and Rule Made Absolute.

On defendants' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justice TREN-
CHARD.

For the rule, *Maurice C. Brigadier.*

*Contra, Michael H. Feldman.*

PER CURIAM.

This suit was instituted by the plaintiff, Peter Cikatz,
against the defendants to recover the sum of $1,000, paid
by him to them as an installment of purchase-money pur-
suant to a contract entered into on the 9th of November,
1925, for the sale of certain property located in the city of
Linden, the plaintiff being the intending purchaser and the
defendants the intending vendors. The plaintiff also
claimed the right to recover $150 for expenses incurred by
him in having the title to the property searched.

The agreement which is the basis of this suit provided
that the purchase price of the premises should be $24,800;
that $1,000 should be paid upon the execution of the con-

tract; that $11,800 should be paid in cash at the time of the closing of title, and that the property should be conveyed subject to two mortgages, one for $10,000, held by John J. Stamler, and another, for $2,000, held by one Mozdeyko, thus making up the balance of the purchase price. It appeared in the case that when the time for closing the contract arrived it had been discovered by the plaintiff that the property, instead of being subject to a first mortgage of $10,000, held by Stamler, was, in fact, subject to two mortgages, totaling that amount, viz., a $6,000 mortgage, held by Stamler, and a $4,000 mortgage, held by the Breidt Brewing Company. It further appeared that a search of the title disclosed that there was a third mortgage, of $2,700, held by Mozdeyko, and a fourth mortgage, of $2,000, held by the Elizabeth Trust Company. It also appeared that the property was encumbered by a restriction contained in an earlier deed, which prohibited the holder of the property from selling any beer, ale or other malt liquor, except that manufactured by the Breidt Brewing Company. It further appeared in the case that the title to the property, instead of being held by the defendants as tenants in common, as was indicated by the contract, was held by Milwid as trustee for Mrs. Gawalis. The proofs also disclosed that the plaintiff refused to complete the purchase of the property—*first,* because of the fact of the existence of $14,700 worth of mortgage indebtedness upon the property, instead of $12,000 of such indebtedness; *second,* because the mortgage indebtedness to the extent of $10,000 was not entirely due to Stamler, but that $4,000 thereof was due to the Breidt Brewing Company; and *third,* because the defendants could not, together or separately, make a good title.

The trial resulted in a verdict in favor of the plaintiff for the full amount of his claim. The defendants thereupon applied for and obtained a rule to show cause why this verdict should not be set aside and a new trial granted, upon the ground that it was against the weight of the evidence, and that there was no evidence to sustain it as against the defendants.

The question presented by this rule is whether, upon the facts proved, this verdict can be legally justified under the charge of the court, which, of course, was the law of the case. The jury was instructed by the charge that the existence of $14,700 of mortgage indebtedness upon the property—if that was the case—afforded no ground for plaintiff's refusal to accept the conveyance, the reason upon which the instruction was based being that, upon the payment of the second cash installment, which was to be made when the deed was to be delivered, the vendors could at once pay off the excess of the mortgage indebtedness out of the purchase-money so received, and that the plaintiff could have compelled that to be done when he paid the money. In the face of this instruction, of course, the verdict cannot be supported upon the theory that, because the mortgage indebtedness was greater than that exhibited in the contract of sale, the plaintiff was justified in his refusal to perform.

The court also charged, in effect, that the fact that, instead of their being a single mortgage upon the property for $10,000, held by Stamler, there were two mortgages, one for $6,000, held by him, and another for $4,000, held by the Breidt Brewing Company, a client of Stamler, afforded no ground for the plaintiff's refusal to accept the conveyance. In the face of this charge, of course, the verdict of the jury cannot be supported upon the ground that the misrepresentation with relation to the ownership of this mortgage indebtedness afforded any ground for plaintiff's refusal to perform his contract.

As to the other ground upon which the plaintiff's refusal to accept a deed was based—namely, that the intending vendors could not execute a valid conveyance—the trial court intimated to the jury in the charge delivered to them that this ground for refusal to accept a conveyance was unsubstantial in law, although it was not expressly so declared by the court. We think, however, that the intimation of the court was sound. It appears from an examination of the state of the case that, by the terms of the trust, Milwid was obligated to convey the property at any time upon the written

request of his *cestui que trust*, Mrs. Gawalis. The joining by her with him in the execution of the contract was, by necessary implication, a written request to make the conveyance called for by that contract. Pursuant to that request, the trustee, as the holder of the legal title, could, in our opinion, make a valid conveyance even if his *cestui que trust* did not join with him in its execution, and the two of them together could execute a deed conforming to the provisions of the contract which would be impregnable against any attack based upon the ground of lack of power to make it.

On the whole case, our conclusion is that the verdict was in total disregard of the evidence, so far as it was submitted to the consideration of the jury, and that, for this reason, the rule to show cause should be made absolute.