JOSEPH KAPPEL, ADMINISTRATOR AD PROSEQUENDUM, RESPONDENT, v. PUBLIC SERVICE RAILWAY COMPANY, APPELLANT.

Submitted May 11, 1928—Decided January 16, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the appellant, *Henry H. Fryling.*

For the respondent, *Orlando H. Dey.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The present suit was brought by the plaintiff as administrator *ad prosequendum* of his wife, Amelia, to recover the pecuniary loss sustained by him and the next of kin of the decedent by reason of her death, which was caused by being struck down and run over by a trolley car of the defendant company while she was crossing Grand street at its intersection with Oliver street, in the city of Rahway. The trial resulted in a verdict in favor of the plaintiff, and the defendant has appealed from the judgment entered thereon.

The first ground upon which counsel for the appellant

bases his contention that the judgment under review should be reversed is that the trial court erred in refusing a nonsuit and also in refusing to direct a verdict in favor of the defendant. The contention is that the action of the trial court in refusing these motions was legally erroneous because it appeared conclusively from the evidence in the case that the plaintiff's decedent, by her own negligence, contributed to the happening of the accident which caused her death; and also because no negligence on the part of the defendant had been shown.

An examination of the testimony returned with the appeal satisfies us that the judicial action now complained of was proper. In other words, that the question whether the accident occurred as the result of the negligence of the driver of the car in operating it, or whether it occurred by the negligence of the driver and of the plaintiff's decedent, was clearly one of fact to be considered and determined by the jury, and not one of law to be determined by the court.

The next ground urged for reversal is that the court erroneously refused to instruct the jury that in case they should find for the plaintiff they should, in assessing the damages, ascertain the present value of all future losses, although orally requested to do so by counsel for the defendant at the close of the court's charge. The meaning of the request, although it may have been couched in more formal language, seems to us perfectly clear; and that is, that the jury should ascertain the present value of losses accruing in the future and return a verdict for that sum, and not for the total amount of such future losses. That this is a correct statement of the legal rule applicable in the assessment of damages for future losses is declared by this court in the case of *Lambert* v. *Trenton and Mercer County Traction Co.,* 103 *N. J. L.* 23, and that decision is controlling upon us. The refusal to charge the request was harmful error, and, for this reason, the judgment under review must be reversed.

Counsel for the appellant also contends that there was error in the refusal of the court to charge the following request submitted by him: "It was the duty of Mrs. Kappel

to make reasonable observations to determine whether or not a street car was approaching so close that she could or could not go upon the tracks in safety. If you find that she failed to make such observations and that her failure so to do contributed to the happening of this accident, then your verdict must be for the defendant." This request correctly stated the legal principle applicable to the situation described therein. Not only was it denied, but the substance of it was not embraced in the charge as delivered. For this reason, also, the judgment under review must be reversed.

Other alleged errors which are specified in the grounds for reversal have been argued by counsel for the appellant. Our consideration of the facts upon which the argument is based leads us to the conclusion that they afford no grounds for a reversal.

For the reasons already stated, the judgment under review will be reversed.