COMMONWEALTH *vs*. DONALD S. FRIEDE.

Suffolk.    March 31, 1930. — May 26, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Obscene, Indecent and Impure Publication.    Evidence,* Competency. *Practice, Criminal,* Charge to jury, Ordering verdict, Exceptions.

A complaint charged the defendant with having sold a certain book in two volumes in violation of G. L. c. 272, § 28, and set forth specific references to passages on sundry pages in the first volume of the book. Such passages, the entire chapters in which they appeared and certain other chapters in both volumes of the book were admitted in evidence without objection as bearing on the question whether the passages were obscene, indecent and impure. The defendant offered the entire contents of both volumes as bearing on that question and as showing the entire development of the story; and offered oral evidence of the theme of the story. This evidence was excluded subject to the defendant's exception. Both parties and the trial judge treated the issue as solely whether the passages in question were offensive to the statute; no issue was raised whether the entire first volume or the entire second volume or the entire contents of both volumes violated the statute. The judge, after hearing, denied a motion by the defendant that the jury be ordered to return a verdict of not guilty. No exception was taken to the charge to the jury. The defendant was found guilty. *Held,* that

(1) It must be assumed by this court that the judge, at the hearing of the defendant's motion, made a preliminary determination that some at least of the specific passages, when read in their settings, were of such a character as to warrant the jury in finding them obscene, indecent and impure;

(2) In the absence of an exception to the charge, this court must assume that the jury were instructed adequately and accurately as to the issue presented to them;

(3) There was no merit in contentions by the defendant that the Commonwealth must show not only that the specific language complained of was obscene, indecent and impure, but also that the book manifestly tended to corrupt the morals of youth, and that that proposition could not be determined unless the whole book were admitted in evidence;

(4) There was no error in the exclusion of the evidence offered by the defendant;

(5) The defendant's motion properly was denied.

COMPLAINT, received and sworn to in the Municipal Court of the city of Boston on April 20, 1927, charging the defendant with a violation of G. L. c. 272, § 28.

On appeal to the Superior Court, the complaint was tried before *Hayes*, J., a judge of a district court sitting in the Superior Court under statutory provisions. The references inserted in the complaint by the allowance of the motion by the Commonwealth to amend were all to certain pages in the first volume of "An American Tragedy." Evidence admitted and excluded is stated in the opinion. The judge denied a motion by the defendant that the jury be ordered to return a verdict of not guilty. The defendant was found guilty. The judge thereafter denied a motion by the defendant for a new trial. The defendant alleged exceptions.

*A. G. Hays* of New York, (*T. D. Lavelle* with him,) for the defendant.

*F. T. Doyle,* Assistant District Attorney, (*J. A. Sullivan,* Assistant District Attorney with him,) for the Commonwealth.

PIERCE, J. This was a complaint under G. L. c. 272, § 28, charging that the defendant on the sixteenth day of April, 1927, at the city of Boston, within the judicial district of the Municipal Court of the City of Boston, did sell to Daniel J. Hines "a certain printed book, entitled, 'An American Tragedy,' then and there containing certain obscene, indecent and impure language, manifestly tending to corrupt the morals of youth, the same being too lewd and obscene to be more particularly set forth in this complaint." From conviction and sentence in the said Municipal Court on that complaint the defendant appealed to the Superior Court for the transaction of criminal business. Before the trial in the Superior Court thereon the Commonwealth, without objection made by the defendant, filed a motion to amend the complaint by inserting after the words "then and there" references to certain pages in the book. After a hearing this motion was allowed, without exception by the defendant. The two volumes of eight hundred and forty pages which comprise "An American Tragedy" are made a part of the record.

At the trial in the Superior Court the Commonwealth proved that Daniel J. Hines, a lieutenant in the Boston Police Department, purchased from the defendant for $5

the two volumes comprising "An American Tragedy." Hines identified a book as constituting volume one of the said "An American Tragedy." The Commonwealth then offered in evidence passages from said book appearing on pages numbered in said motion to amend the complaint; these passages were read to the jury. The defendant objected, but so far as the record discloses did not except, to the reading of said passages unless and until the two volumes in their entirety had been introduced as exhibits in evidence. The Commonwealth offered in evidence the first volume of the book only so far as the language contained on the pages numbered in said motion to amend the complaint. The judge admitted said volume only so far as the pages numbered in said motion, but excluded the remainder of the contents. The defendant duly excepted to the action of the judge in admitting only such part of volume one. The defendant offered in evidence the first volume and the second volume of said book in their entirety. The judge excluded the second volume and the defendant duly excepted. The defendant then offered in evidence the books as bearing upon the language on the numbered pages. Without objection or exception, the judge admitted in evidence the entire chapters in the first volume in which any of the numbered pages appeared, as bearing on the question whether the language complained of was obscene, indecent and impure; these chapters in their entirety and parts of other chapters within limits prescribed by the judge were read to the jury and admitted in evidence; a part of a chapter in the second volume (not identified in the record) was also permitted to be read to the jury and was admitted in evidence as bearing on the question whether the language on the numbered pages was obscene, indecent or impure.

The defendant then offered in evidence both volumes as showing the entire development of the story and as bearing upon the question whether the language complained of was "obscene, indecent and impure." This evidence was excluded and the defendant duly excepted. The defendant then offered oral evidence of the theme of the story contained in "An American Tragedy;" the evidence was excluded and

the defendant duly excepted.   There was no other material evidence.

At the close of the evidence, the defendant filed a motion that "a verdict of not guilty be ordered in his favor."  This motion was denied after hearing and the exception of the defendant noted.  The jury returned a verdict of "guilty." The case is before this court on exceptions to "the aforesaid rulings on the evidence" and to the "denial of motions aforesaid."

It is to be noted that the trial proceeded on the assumption by the judge and the parties that the question at issue was whether certain passages contained in volume one of "An American Tragedy" were obscene, indecent or impure, manifestly tending to corrupt the morals of youth, and that no issue was raised by the parties or submitted to the jury as to whether volume one as a whole, whether volume two as a whole, or whether volumes one and two as a whole were offensive to the statute.  It must further be assumed that, at the hearing on the defendant's motion that a verdict of not guilty be ordered, it was determined by the judge as a preliminary question that some at least of the passages specified in the amended complaint when read in their settings were of such a character as would warrant the jury in finding beyond a reasonable doubt that the language used in some one or more of them had a manifest tendency to incite impure thoughts, excite the sexual passions, and corrupt the morals of youths into whose hands the book might come.  Because no exception was taken to the charge, we must also assume that the jury were fully, accurately and adequately instructed, and that the instructions defined with sufficient fullness and accuracy the terms "obscene," "indecent," "impure" and "manifestly" as applied to the question whether the language used in this book had a manifest tendency "to corrupt the morals of youth."

It is strongly contended by the defendant that under the statute "the prosecution must prove not only that the language is obscene, indecent and impure, but also that the book manifestly tends to corrupt the morals of youth, — certainly a proposition that cannot be determined unless the

book is admitted in evidence." This question was directly involved in the trial of *Commonwealth* v. *Buckley*, 200 Mass. 346, wherein, in response to the request numbered twenty-one that "The jury have a right to consider the whole of the contents of the book in determining whether the parts specifically pointed out in the indictment come within the provisions of R. L. c. 212, § 20," now G. L. c. 272, § 28, the trial judge instructed the jury, at pages 350–351, with the subsequent approval of this court, page 354: "It is entirely immaterial whether other books are as bad or worse or better than this . . . You are not trying any book except this, and only such parts of this as the government complains of . . . It makes no difference what the object in writing this book was, or what its whole tone is, if these pages that are complained of, the language that is set out in the bill of particulars, is in your mind obscene, impure, indecent, and manifestly tending to the corruption of youth, then you must find a verdict of guilty."

A careful reading of this compact book of more than eight hundred pages, which is a part of the record, affords a demonstration that it would have been impracticable to try the case had the defendant been permitted to read this long novel to the jury, and makes evident that even assuming great literary excellence, artistic worth and an impelling moral lesson in the story, there is nothing essential to the history of the life of its principal character that would be lost if these passages were omitted which the jury found were obscene, indecent and manifestly tending to corrupt the morals of youth. It is evident the court in the exercise of its discretion had the authority to exclude the oral evidence of the theme of the story contained in "An American Tragedy." A synopsis of the novel necessarily would take color from the mental predisposition of the abstractor and narrator toward the censorship of literary productions, and consequently emphasize or minimize passages and situations that would not be chosen by other narrators differently minded. The seller of a book which contains passages offensive to the statute has no right to assume that children to whom the book might come would

not read the obnoxious passages or that, if they should read them, they would continue to read on until the evil effects of the obscene passages were weakened or dissipated with the tragic denouement of a tale.

We find no error in the manner in which the judge dealt with the defendant's motion, or in his rulings.

*Exceptions overruled.*