ANTHONY MANCINO, PLAINTIFF-RESPONDENT, v. PETER SAMPAOLO AND CARMELLA SAMPAOLO, DEFENDANTS-APPELLANTS, AND BARTALO GIAGRASSO, DEFENDANT.

Submitted October 4, 1938—Decided March 15, 1939.

Before Brogan, Chief Justice, and Justices Bodine and Heher.

For the appellants, *William A. Moore.*

For the respondent, *Thomas Potter* and *George H. Bohlinger, Jr.* (*Walter D. Cougle,* of counsel).

The opinion of the court was delivered by

Heher, J. This is an action in tort for assault and battery. There was a nonsuit as to defendant Giagrasso. The jury returned a verdict for $100 against defendant Peter

Sampaolo, and $421.50 against his co-defendant, Carmella; and they appeal from the judgment entered thereon.

*First:* The first point made is, to quote the language of the assignment, that the trial judge "erred in charging the jury to find nominal damages against defendant Peter Sampaolo, even though his acts were not the cause of the damages resulting from the assault."

This assignment is plainly deficient, and there is therefore no occasion to consider it. It is requisite that the grounds of appeal "quote the precise instruction complained of." *Booth* v. *Keegan,* 108 *N. J. L.* 538. See, also, *Cornish* v. *Jenks, Gwynne & Co.,* 109 *Id.* 87; *Klein* v. *Shryer,* 106 *Id.* 432; *Chapin* v. *Kreps,* 106 *Id.* 424; *Rothstein's* v. *Rothstein,* 105 *Id.* 134; *Dunne* v. *Hely,* 104 *Id.* 84; *O'Brien* v. *Staiger,* 101 *Id.* 526.

*Second:* It is next assigned for error that "the verdict against the joint wrongdoers in unequal amounts was not as the law requires and was without legal justification."

The argument is made that, since the verdict against Peter Sampaolo "could only have been for compensatory damages," and the appellants "were joint *tort feasors,*" the jury "attempted to apportion plaintiff's damages between them," and thus pursued a course "clearly fatal to the validity of the verdict,"—citing *Grossbart* v. *Samuel,* 65 *N. J. L.* 543; *Ross* v. *Pennsylvania Railroad Co.,* 5 *N. J. Mis. R.* 811.

This asserted illegality does not fall within the category of common errors apparent upon the face of the record, and so does not work a reversal. *Musto* v. *Mitchell,* 105 *N. J. L.* 575; *Spencer* v. *Haines,* 73 *Id.* 325.

The verdict responded to the pleadings. The complaint was in three counts, so framed as to charge separate and distinct assaults and batteries by the appellants, as well as a joint offense of the same character. Whether there was evidence to sustain the finding of separate offenses, we are unable to say, for the proofs adduced on the trial of the issue have not been incorporated in the state of case.

It suffices to add that, as a general rule, the correction of a verdict upon which a judgment is founded is a function of the court in which the trial has been had. That the ver-

dict is contrary to or inconsistent with the charge of the trial judge is not assignable for error on appeal. Such an assignment does not embody judicial action reviewable on error. *Kilgus* v. *Wayne Co., 85 N. J. L.* 351; *Davis* v. *Tallon,* 91 *Id.* 618; *Corby* v. *Ward,* 112 *Id.* 489; *Spencer* v. *Haines, supra; Meyer* v. *Lagervelt,* 9 *N. J. Mis. R.* 503; *Branl* v. *Kieser,* 13 *Id.* 115.

The judgment is accordingly affirmed, with costs.