# ALFRED C. ANDERSON v. JOE HEGNA.[1]

February 27, 1942.

No. 33,058.

*Catherwood, Hughes & Alderson,* for appellant.
*Nelson & Plunkett,* for respondent.

[1]Reported in 2 N. W. (2d) 820.

LORING, JUSTICE.

Action to recover damages for personal injuries alleged to have been caused by defendant's negligence. The jury returned a verdict for plaintiff for $3,000. Defendant appeals from the order denying his alternative motion for judgment or a new trial.

Plaintiff, a farmer, owned lambs which he hired defendant, a trucker, to haul to South St. Paul. Defendant's truck had two decks, one three feet above the other. Both were loaded with lambs. There was a single gate covering the right one-third of the rear of the rack. The gate was hinged at the right-hand corners and covered both lower and upper compartments. Plaintiff helped defendant load the truck, and at the time told defendant that he was loading "too heavy on top." Plaintiff rode along with defendant, intending to go to market and collect personally for the sheep. This practice was not unusual among farmers shipping by truck. On the journey, defendant stopped to check on his cargo. Some of the lambs were down, and, according to plaintiff's testimony, defendant suggested that plaintiff help get them on their feet. Both men climbed to the top deck (the rear gate was not opened), and spent about ten minutes straightening out the animals. Plaintiff testified that the top deck was crowded. Then the men descended by climbing down the sides and walked to the rear of the truck. Defendant announced that he was also going to get the lower deck lambs on their feet. Plaintiff took a position about six feet behind the truck and stood there watching for vehicles coming from the rear. Defendant opened the rear gate, climbed in, and called to plaintiff to shut the door. Plaintiff turned to do so and stepped about four feet toward the truck. A lamb fell from the top floor, striking plaintiff and injuring him. Neither party saw the lamb as it started to fall. This action resulted.

Defendant's assignments of error raise the following questions: (1) Did the trial court err in failing to hold that plaintiff's sole remedy was under the workmen's compensation act? (2) Was the verdict justified by the evidence? (3) Did the court err in

allowing evidence concerning the condition of the lambs on delivery to the buyer? (4) Was the court's charge prejudicial?

1. Defendant contends that an employe-employer relationship existed between himself and plaintiff and that Mason St. 1940 Supp. § 4272-3, prevents recovery at common law. This section provides:

"The liability of an employer prescribed by the preceding sections shall be exclusive and in the place of any other liability whatsoever to such employe * * * entitled to recover damages at common law or otherwise on account of such injury * * * except that if an employer other than state and the municipal subdivisions thereof, shall fail to insure or self-insure his liability for compensation, medical and other benefits, to his injured employes * * * as provided in Section 2 of this Act, an injured employe * * * *may, at his* * * * *option,* elect to claim compensation under the Workmen's Compensation Law or to *maintain an action in the courts for damages on account of such injury.*" (Italics supplied.)

Defendant did not plead the fact that he was insured or that he had an order from the industrial commission required by Mason St. 1940 Supp. § 4272-2, exempting him, nor did he plead as a defense that he was plaintiff's employer. It was not until the end of the testimony that defendant raised these questions by moving for a directed verdict upon the ground "that the sole remedy of the plaintiff, Alfred C. Anderson, for the injuries alleged to have been received by him is under the Workmen's Compensation Act, namely, Chapter 23a, Mason's Minnesota Statutes for 1927 and acts amendatory thereof." There was nothing in the record showing that defendant was insured or exempt. In the absence of evidence so showing, the trial court had no choice but to deny the motion, for plaintiff would have been entitled to bring his action in district court under § 4272-3 even though defendant were his employer *if* defendant was neither insured nor exempt. It was for defendant to plead and prove that the relation of employer and

employe existed between the parties and that he was either insured or "self-insured."

2. To prove negligence, plaintiff must show (1) that defendant owed plaintiff a duty; (2) that defendant violated that duty; (3) that the breach caused the injury; and (4) that actual damage to plaintiff resulted. In considering the sufficiency of the evidence to support the verdict, we need consider only the first three requirements.

The parties agree that defendant owed plaintiff a duty to act as a reasonably prudent person under the same or similar circumstances would have acted. The question before us is whether the jury was entitled to find from the evidence that defendant failed to so act. Plaintiff's complaint was not a model pleading. He alleged that defendant did certain things, i. e., opened the rear door of the truck rack and called to plaintiff to shut the door, yet climbed aboard the truck without giving plaintiff a chance to close it; but he did not allege that these acts constituted negligence. The only express charge of negligence was made after he had alleged the doing of the above acts, and this was stated as follows:

"* * * and carelessly and heedlessly proceeded to arouse the sheep in the lower deck of said truck, thus further exciting the sheep in the upper deck thereof, and causing one of said sheep to either fall or jump from the upper deck thereof onto plaintiff."

No general allegation of negligence was made. However, the trial court in charging the jury stated what he called plaintiff's "specific claim" of negligence by repeating in his own words all the above acts alleged by plaintiff in the complaint. That portion of the charge was not objected to, so the jury was entitled to consider each or all of the acts as a basis for finding defendant negligent, though the complaint itself did not expressly so state.

Though the evidence may have been insufficient to support a finding that defendant aroused the sheep, the jury could have found that defendant climbed into the truck and left the door open without waiting to give plaintiff a chance to get hold of the

gate. The evidence also entitled them to find that the upper-deck sheep were crowded and that defendant knew it. Also, that defendant knew that plaintiff was in a situation where he was exposed to the risk of being hit by a falling lamb. The question of whether defendant's conduct constituted negligence was properly left to the jury.

Though the complaint stated that the rousing of the animals by defendant caused the lamb to fall out, the court's charge as to causation was so general that the jury was entitled to find for plaintiff if they decided that any of the alleged acts of defendant caused the injury. This portion of the charge was also unchallenged. The jury was justified in finding that the injury to plaintiff followed in unbroken sequence. Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 97, 69 N. W. 640, adopted this test of causation.

Defendant also maintains that plaintiff assumed the risk of the injury that occurred and was guilty of contributory negligence. He was suddenly requested by defendant, without time to estimate the hazards, to turn around and shut the gate. He endeavored to comply. We think it was for the jury to say whether under all the circumstances plaintiff voluntarily incurred a known hazard or one that a reasonably prudent man should have comprehended. Contributory negligence was likewise for the jury.

3. Defendant contends the court erred in admitting and refusing to strike evidence showing that six lambs were dead and one crippled when they arrived at market. Defendant objected to this evidence when it was offered and moved to have it stricken soon after on the ground that it was incompetent, irrelevant, and immaterial. Unquestionably this evidence was material at the time defendant first raised the issue because it provided the basis for an inference that the animals were overcrowded, which in turn was an important circumstance to be considered by the jury in deciding whether defendant was negligent. Defendant's testimony that the injuries were caused by the boards of the upper deck slipping out of place did not make the evidence incompetent. Even

if it had weakened the inference to that extent, no later motion to strike was made nor was the court requested to instruct the jury to disregard it.

4. Defendant challenges the following portion of the court's charge relative to assumption of risk:

"That does not mean that he [plaintiff] assumes negligence on the part of Hegna, and if he was hurt through the negligence of Hegna, then he didn't assume such risk. If he was hurt through the assumption of the risk incident to doing what he wanted to do independent of Hegna's negligence, then it would be a risk which he assumed, and which he would have to take the consequences of."

This charge was unfortunately worded, but it followed a long discussion replete with examples of assumption of risk. Construed in the light of the previous discussion, it seems reasonably clear that what the court was telling the jury was that the defense of assumption of risk did not apply to lack of ordinary care on the part of defendant.

Defendant also contends that the court erred in charging that "the relationship between Hegna and Anderson was that of a carrier and passenger," arguing that the jury must have associated defendant's position with that of a "common carrier" and applied a higher standard of care than the facts warranted. However, the court expressly defined defendant's duty in terms of "a person of ordinary prudence under the same or similar circumstances," so no prejudice resulted.

Considering the charge in its entirety, neither portion complained of amounted to prejudicial error.

Order affirmed.