11 N.J. Super. 179 (1951)
78 A.2d 121
ANTHONY TORNAQUINDICI, ET AL., PLAINTIFFS-APPELLANTS,
v.
ANTHONY BOCCHICCHIO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 11, 1950.
Decided January 4, 1951.
*182 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Edward W. Eichmann argued the cause for the plaintiffs-appellants.
Mr. Carl Kisselman argued the cause for the defendant-respondent (Mr. Alex P. Schuenemann, 3rd, attorney).
The opinion of the court was delivered by EASTWOOD, J.A.D.
The appellants, Mary Verdi, Nardina Artolano, Rita Verdi, Dolores Verdi and Raphaele Verdi, passengers in the automobile of plaintiff, Anthony Tornaquindici, appeal from the verdict of no cause of action returned against them in favor of the defendant, Anthony Bocchicchio, by a jury at the conclusion of the trial of their action before the Camden County Court, Law Division. It is unnecessary to recount the factual situation, except to say that the action is one grounded in negligence arising out of an intersectional collision. At the conclusion of the plaintiffs' case and the entire case, the court, on motions of the respective *183 parties, dismissed the actions of the plaintiff-driver, Tornaquindici, against the defendant-driver, Bocchicchio, and the counterclaim of the defendant-driver, Bocchicchio, against the plaintiff-driver, Tornaquindici, on the ground that both were guilty of contributory negligence. The trial of the appellants' suits against the defendant continued and was submitted to the jury for its determination.
In his charge, the trial judge informed the jury that he had granted motions of the respective operators of the automobiles involved in the accident, dismissing their actions against each other on the ground of their respective contributory negligence, "so that there remains for disposition now by your verdict, a claim of the passengers in the Tornaquindici car against Anthony Bocchicchio as the driver and operator of his wife's car." The court further instructed the jury that, as a matter of law, the appellants were not chargeable with contributory negligence; that "With respect to the conduct of the driver, Tornaquindici, if you find that he was guilty of negligence also, his negligence may not be considered as a bar to the recovery of the passengers in his car unless you determine that it was his negligence that was the proximate cause of the accident. The mere fact that he was guilty of some contributing negligence cannot bar their recovery. The basis upon which the plaintiffs may recover is upon the proof of negligence on the part of Bocchicchio, and that, that negligence was the proximate cause of their injuries." Following the return of the verdict of no cause of action, the appellants made an application to the trial court for a new trial on the grounds that (1) the verdict was against the weight of the evidence; (2) the verdict was the result of bias, passion, prejudice or mistake on part of the jury; and (3) the verdict was inconsistent with the finding of the jury that the defendant was negligent. The court denied the application for a new trial. Thereupon, the appellants appealed from the judgment. No appeal was taken by either Tornaquindici or Bocchicchio from the dismissal of their respective actions.
The only issue raised on this appeal is that the verdict and the consequent judgment is contrary to law, "since the court *184 had instructed the jury that the plaintiff passengers were not contributorily negligent as a matter of law, and that the defendant Bocchicchio, was guilty of negligence as a matter of law." The appellants made no requests for any specific instructions, nor did they interpose any objections or take any exceptions to the court's charge. Their sole contention is that the jury's verdict is contrary to the law as they perceive it to be, based upon the dismissal of the suits of the plaintiff-operator and the defendant-operator against each other, on the ground of their contributory negligence and the court's charge to the jury that the appellants, under the evidence, were not chargeable with contributory negligence.
The maxim, "omnia praesumuntur rite et solemniter esse acta donec probetur in contrarium," is given its full and appropriate application by courts of review and all reasonable presumptions and intendments consistent with the record will be indulged in favor of the validity of the judgment or decision under review and of the regularity and legality of the proceedings below. Unless the record shows something to the contrary, it will be presumed that the lower court acted wholly within the law; that the judgment was entered upon proper grounds; that the trial court applied the law correctly and to establish the contrary, the appellant must show error. 3 Am. Juris, Appeal and Error, § 924, p. 490, and cases cited in the footnotes. The reviewing court will presume that instructions given by the trial court as to which no objections were taken, were correct and sufficient and fully and adequately presented the law and issues to the jury based upon the state of facts in the case and made relevant either by the pleadings or by the evidence. In the absence of anything to the contrary in the record, the court must assume that the principles of law covering the particular action were properly given to the jury in the instructions of the court and that the law covering the defense set up was correctly stated. In the absence of exceptions to instructions or requests for others, the court must assume that all issues supported by evidence were submitted to the jury under proper instructions. 3 Am. Juris., Appeal and Error, § 948, p. 510, citing Foster v. *185 Congress Square Hotel Co., 128 Me. 50, 145 A. 400, 67 A.L.R. 239, 248 (Sup. Jud. Ct. 1929).
We have experienced difficulty in ascertaining the basis of appellants' appeal, particularly in view of the fact that the complaint and pretrial order sought recovery solely against the defendant, charging that his negligence was the proximate cause of their injuries, and the fact that the trial proceeded to a conclusion on that theory. As we view the appeal, the appellants' contention seems to be that when the court dismissed the actions of the respective operators against each other on the ground that both were guilty of contributory negligence, and when the trial judge charged that the appellants, as a matter of law, were not contributorily negligent, therefore, the defendant's contributory negligence having been determined as a matter of law by the court, the only question that remained for the jury to decide was the amount of the appellants' damages. However, unfortunately for the appellants, the question now raised on this appeal by appellants was not raised at any time before the trial court. Consequently, under the decided cases, the appellate court will not consider alleged errors committed by the trial court unless appropriate objections were timely made. The appellants' contention appears to be analogous to that made in the case of DeCicco v. Marlou Holding Co., 137 N.J.L. 186, 189 (E. & A. 1948), where the court stated:
"* * * Actually, however, the plaintiff's contention is not that the court erred in what it said, but that error resulted from what the court omitted to say. * * *.
"Plaintiff's attorney cites several cases to sustain the proposition that exceptions may be taken to what the trial court may omit to say in the charge even though no request to charge be made. Our review of these cases indicates that they do not sustain this proposition, nor do we believe that such a principle is legally sound. Errors on the part of the trial court cannot properly be considered and corrected on appeal unless they appear in the record, and with respect to the charge this is not accomplished unless exceptions are taken to what the trial court said or what such court refused to say when specifically requested to do so. * * *."
See also Mancino v. Sampaolo, 122 N.J.L. 321, 322 (Sup. Ct. 1939); Schwartz v. Rothman, 1 N.J. 206 (Sup. Ct. *186 1948), at pp. 210, 211. In several of the jurisdictions throughout the United States, it is held that the court's instructions to the jury, made without objection or exceptions thereto, are the law of the case and the verdict of the jury returned in conformity therewith will not be disturbed unless there are errors plainly appearing in the record that may justify such action. As indicating the general acceptation of the prevailing rule, we quote from Mattfeld v. Nester, 226 Minn. 106 (Sup. Ct. 1948), 32 N.W.2d 291, 3 A.L.R.2d 909, at p. 927:
"No objections having been taken to these portions of the charge, they became the law of the case under the rule that instructions unobjected to at the trial or on motion for a new trial, whether correct or erroneous, become the law of the case both in the trial and in the appellate court. Novotny v. Bouley, 223 Minn. 592, 27 N.W.2d 813; Katzmarek v. Weber Brokerage Co., 214 Minn. 580, 8 N.W.2d 822; Fidelity & Casualty Co. of New York v. Minneapolis Brewing Co., 214 Minn. 436, 8 N.W.2d 471; Anderson v. Hegna, 212 Minn. 147, 2 N.W.2d 820; 6 Dunnell, Dig. & Supp., Sec. 9792."
Other cases supporting this rule are Commonwealth of Massachusetts v. Donald S. Friede, 271 Mass. 318, 171 N.E. 472, 69 A.L.R. 640 (Mass. Sup. Jud. Ct. 1930), and National Surety Corporation v. City of Excelsior Springs, 123 F.2d 573, 156 A.L.R. 422, 428 (U.S.C.C.A. 8th Cir. 1941). The courts of New Jersey have substantially enunciated this rule as will appear from the opinion of Chief Justice Gummere in the case of Fritz v. Sayre & Fisher Co., 77 N.J.L. 236 (Sup. Ct. 1909), at p. 237, where it is stated: "It is entirely settled that a verdict cannot be supported upon a theory of the law contrary to that on which the case was submitted to the jury. Hays v. Pennsylvania Railroad Co., 13 Vroom 446; Marts v. Cumberland Insurance Co., 15 Id. 478; Halsey v. Lehigh Valley Railroad Co., 16 Id. 26; Sensfelder v. Stokes, 40 Id. 86; Oakley v. Emmons, 44 Id. 206." See also Lambert v. Trenton and Mercer Co. Traction Corp., 3 N.J. Misc. 237 (Sup. Ct. 1925, not officially reported); Cikatz v. Milwid, 5 N.J. Misc. 768 (Sup. Ct. 1927, not officially reported).
*187 The appellants' actual contention, as we see it, is reduced to the legal proposition that they were entitled to recover against the defendant alone notwithstanding the negligence of the driver of the car in which they were riding. That this rule is firmly established in this State is manifest from the cases of DeCicco v. Marlou Holding Co., supra; Clark v. Public Service Electric Co., 86 N.J.L. 144 (E. & A. 1914); Kaufman v. Pennsylvania Railroad Co., 2 N.J. 318 (Sup. Ct. 1949). A reading of the charge indicates that the court did convey this rule of law to the jury when it stated that: "* * * if you find that he (Tornaquindici) was guilty of negligence also, his negligence may not be considered as a bar to the recovery of the passengers in his car unless you determine that it was his negligence that was the proximate cause of the accident. The mere fact that he was guilty of some contributing negligence cannot bar their recovery." (Parenthesis ours.) It may well be that, if the appellants were dissatisfied with the court's charge as to this rule of law, by making a timely request, the court would have elaborated thereon. No such request was made, however, nor was any exception made to the charge as delivered. It appears to us that there was some inconsistency when the court informed the jury of the dismissal of the respective suits of the operators of the cars because he had found each guilty of contributory negligence as a matter of law, and then submitting to the jury the question of whether plaintiffs had borne the burden of establishing defendant's negligence as the proximate cause of their damages. However, as stated, the appellants made no request to charge that the court having determined the defendant's negligence, the only question for the jury's deliberation was the amount of appellants' damages. From our review of the scanty record furnished us, there is no proof that there was any error committed at the trial and the jury's verdict was obviously in conformity with the court's charge. After all, it may well be that the issue of defendant's negligence was, under the circumstance, properly submitted to the jury for its determination; that aside from the court's determination of negligence as between the plaintiff and defendant *188 drivers in their suits against each other, the issue of defendant's negligence remained, under the circumstances, a factual issue, so far as the appellants' damages are concerned. The obvious implication of the jury's verdict is that they were not in accord with the court's earlier finding of contributory negligence on the part of the defendant and their finding was that the defendant's negligence was not the proximate cause of the plaintiffs' injuries. It is conceded that the issue of fact as to whether defendant's negligence or plaintiff, Tornaquindici's negligence, proximately caused their injuries, was the storm center of the trial of appellants' case and this question was vigorously contested at the trial. We think that the appellants are bound by the verdict returned against them and that there is no error that justifies disturbing it.
We have examined the cases cited by the appellants in their brief and additional cases submitted at the oral argument. We find that on appeal the legal error complained of in the cited cases was grounded either on appropriate objections timely made at the trial or that the judgment was alleged to have been against the weight of the evidence. Accordingly, they have no applicability to the issue before us.
The judgment of the trial court is affirmed, with costs.