11 N.J. Super. 333 (1951)
78 A.2d 284
CLAIRE K. SPINNING, PLAINTIFF-RESPONDENT,
v.
HUDSON & MANHATTAN RAILROAD COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 8, 1951.
Decided January 16, 1951.
*334 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Theodore C. Baer argued the cause for respondent (Mr. Theodore C. Provost, attorney).
Mr. Charles W. Broadhurst argued the cause for appellant (Messrs. Markley & Broadhurst, attorneys; Mr. Edward A. Markley and Mr. Patrick F. McDevitt, on the brief).
The opinion of the court was delivered by WM. J. BRENNAN, JR., J.A.D.
Defendant appeals from a judgment in the amount of $4,500 entered in Hudson County Court in plaintiff's favor upon a jury verdict originally for $6,500 but reduced, and as reduced accepted by plaintiff, when the trial court, on defendant's motion for a new trial sought on all issues on the grounds the verdict was against the weight of the evidence and excessive, ordered a new trial *335 as to damages only unless plaintiff accepted the reduced amount.
The single ground urged by defendant for reversal of the judgment is that the trial court erred in "failing to instruct the jury that the plaintiff was not entitled to recover for pain and suffering resulting from the osteoarthritic condition that was neither caused nor aggravated by the trauma."
Plaintiff suffered an injury to the left side of her lower back. The pain persisted from the date of the accident, November 29, 1948, to the time of the trial in May, 1950. It caused her extreme discomfort, particularly after sitting for any length of time, and considerably restricted her activities. On her doctor's advice she wears a special support to give her some measure of relief.
The defendant offered no medical testimony. The only doctor who testified was plaintiff's family physician. He testified he had attended plaintiff long prior to the accident. Her evidence was she had never had back pain before the mishap, and the doctor stated she had never complained to him of such pains on the occasions she consulted him before the accident. She consulted him the night of the accident and was treated for the injury to her lower back. About a month after the accident he advised X-rays and learned at that time from the report of the doctor who took the X-rays that his patient had "early osteoarthritic changes involving the sacroiliac articulations." In the following April he recommended that she consult an orthopedic specialist because the pain persisted, but no bone involvement was discovered and he concluded that she should "wear a firm corset, because that's all that could be done for her for the time being; that she had a lumbrosacral sprain that would take a number of months for it actually to clear up," "chronic lumbrosacral sprain."
He expressed the opinion that, while the injury suffered in the accident did not cause the arthritic condition, and he could not say "accurately" whether the injury aggravated that condition, nevertheless, that the condition was "probably a dormant" one and that the injury to the ligaments caused by *336 the accident "would tend to aggravate a condition of osteoarthritis. * * * because the joint is abnormal to begin with, and any force or strain that is actually put on would make it that much worse."
Counsel for the defendant at the close of the charge and in response to a question by the trial judge whether there were any exceptions to the charge, stated:
"The only objection I have to the charge is this, if the Court please: The Court stated that the plaintiff was entitled to be compensated for the injuries sustained by her as well as for the pain that she might suffer in the future. That, I know, is a general rule. In this particular case, I feel that the evidence is such that the jury should be instructed to find as a fact whether or not any pain she has might come from the osteoarthritic condition which is concededly not aggravated by the injury."
"The Court: I told them to find their verdict from the testimony."
We do not fully understand from the form of the objection precisely to what part or parts of the charge it was addressed, and have no doubt the trial judge experienced the same difficulty. It plainly does not conform to the requirements of Rule 3:51. J.B. Wolfe, Inc., v. Salkind, 3 N.J. 312 (1949); and see Levenson v. Erxleben, 135 N.J.L. 127 (E. & A. 1946); Tornaquindici v. Bocchicchio, 11 N.J. Super. 179 (App. Div. 1951). Assuming, however, the objection was proper, we find no merit in defendant's argument that the trial court improperly disregarded it.
Appellant's brief directs our attention to two excerpts from the charge. The first is that in which the court said to the jury that the plaintiff alleged in her complaint, among other infirmities said to be due to the accident, "that the injuries received by her also aggravated a pre-existing arthritic condition of the spine and that such injuries are permanent;" the second is that in which the court charged that if the jury found plaintiff was entitled to a verdict "she will be entitled to recover such sum as you find from the testimony that will reasonably compensate her for her inability to go about and enjoy the use of her person as she otherwise would have been permitted to do, for any pain and suffering that she has heretofore *337 endured and which she is presently enduring and which she may reasonably endure in the future * * *."
Appellant, however, omits mention of equally pertinent portions of the charge in which the jury was instructed to consider,  "And was or was not such failure to discharge its proper duty to plaintiff the proximate cause of the injuries which she suffered?"; and "Was the negligence of the defendant in the discharge of its duty to plaintiff, as may have been found, the proximate cause of plaintiff's injuries?" (Italics supplied.)
Defendant's argument is based on the proposition "the proof established there was no aggravation," on which premise it is contended the court erred in reading to the jury the excerpt from the complaint alleging aggravation, and also erred in failing when discussing damages expressly to instruct the jury that they were not to consider the question of aggravation as an element of plaintiff's damages, which latter failure, it is urged, was an omission from the charge of a fundamental rule of law, and requires reversal, notwithstanding defendant's failure to submit a written request in advance of the delivery of the charge, citing Lambert v. Trenton & Mercer County Traction Co., 103 N.J.L. 23 (Sup. Ct. 1926); affirmed, 104 N.J.L. 175 (E. & A. 1927); Kappel v. Public Service Ry. Co., 105 N.J.L. 264 (Sup. Ct. 1929).
The argument fails because the premise is not correct. The statement to the trial court, made in counsel's objection, that the osteoarthritic condition "is concededly not aggravated by the injury" had no foundation in fact. There was no such concession by plaintiff or her counsel; the contrary is the case. There were proofs in the doctor's evidence, when considered with plaintiff's testimony, from which the jury could reasonably find that the explanation for plaintiff's persistent pain was that her pre-existing osteoarthritic condition had been aggravated, and the rule is that where one injured has pain and suffering from a pre-existing infirmity which she would not have been subjected to except for the negligent conduct of the defendant, an element is clearly present to be considered by the jury in ascertaining damages. Hahn v. *338 D., L. & W.R.R. Co., 92 N.J.L. 277 (Sup. Ct. 1918); Haufler v. Public Service Railway Company, 79 N.J.L. 404 (Sup. Ct. 1910).
We note in addition that defendant's brief concedes that the court correctly charged the general rule of law relative to damages in a personal injury suit. Since there was proof of aggravation, the most favorable light, to defendant, in which the objection may be viewed, is that the court was asked to amplify the charge with instructions delimiting the precise bounds within which plaintiff was entitled to have the jury consider the question of aggravation as part of the entire damage shown to have resulted from the accident. See Hahn v. D., L. & W.R.R. Co., supra, and Haufler v. Public Service Railway Company, supra. But the failure to amplify the charge in this respect was not an omission of a charge upon a fundamental rule of law but, at best, an omission of which defendant cannot be heard to complain in the absence of the submission of a request for specific instructions on the subject desired to be covered. Cf. Jones v. Lahn, 1 N.J. 358 (1949).
Affirmed.