## SHIRLEY ANDREWS v. RICHARD BARTHOLOMEW AND ANOTHER, INDIVIDUALLY AND AS PARTNERS *d.b.a.* MIDTOWN MOTORS.[1]

April 9, 1954.

No. 36,279.

*John F. Ball,* for appellant.

*Reavill, Jenswold, Neimeyer & Johnson,* for respondents.

CHRISTIANSON, JUSTICE.

Action is brought by the trustee for the benefit of the next of kin of William J. Andrews, deceased, to recover damages for the latter's death resulting when an automobile which decedent was driving and one which he was towing went off the highway near Chaska on the night of April 22, 1953.

Decedent was driving a 1949 Plymouth and towing a 1949 Mercury station wagon at the time he sustained his fatal injuries. The two vehicles were hooked together by means of a tow bar which permits one driver to control the motion of both vehicles. Both vehicles and

---

[1]Reported in 64 N. W. (2d) 7.

the tow bar were owned by defendants. Plaintiff alleged that at the time of the accident decedent was engaged as an independent contractor by defendants to transport the vehicles from southern Minnesota to Duluth and that defendants were negligent in the manner in which the two vehicles were hooked together, in furnishing decedent an unsafe and defective tow bar, and in not warning decedent thereof and of the dangers incident to the towing of such vehicles. Defendants denied these allegations and affirmatively alleged that decedent was an employee of defendants and was subject to the workmen's compensation act at the time in question and that decedent was contributorily negligent.

At the conclusion of plaintiff's testimony, defendants made a motion for a directed verdict upon the grounds, among others, that it conclusively appeared from the evidence that at the time of the accident decedent was an employee of defendants and was engaged in the usual course and scope of defendants' business and that the exclusive remedy for his death was under the workmen's compensation act. The trial court granted defendants' motion solely on this ground, and plaintiff appeals from the judgment subsequently entered.

Defendants were copartners engaged in the business of buying and selling used automobiles in the city of Duluth under the firm name of Midtown Motors. They had no full-time employees. About 50 percent of the cars which defendants bought in their business were purchased in the city of Duluth, and the major portion of those acquired outside of Duluth were purchased in southern Minnesota. When defendants went on trips to buy used automobiles, they either drove the cars back to Duluth themselves or contracted for someone temporarily out of work to bring the cars back for them. Shortly before April 21, 1953, defendant Bartholomew arranged with decedent, who was temporarily out of work, to go with him to southern Minnesota to bring back cars to Duluth. It was agreed that decedent would be paid ten dollars if he brought back one car and twenty dollars if he towed another car. In addition he was to be reimbursed for any expenses incurred in connection therewith. It was on the return trip to Duluth, while decedent was driving the 1949 Plymouth

and towing the 1949 Mercury station wagon which had been purchased by defendants in southern Minnesota, that the fatal accident occurred. Following the accident, defendants consulted an attorney and filed with the industrial commission a notice of denial of liability under the workmen's compensation act upon the ground that decedent was an independent contractor at the time in question. Thereafter, plaintiff instituted the present action in the district court under the wrongful-death statute.

Plaintiff contends that the evidence presented a question of fact for the jury as to whether decedent was an employee or an independent contractor at the time of the fatal accident. In support of her position she relies upon the contract between decedent and defendants whereby defendants agreed to pay decedent ten dollars a car and expenses to bring or drive two cars from southern Minnesota to Duluth. She also relies upon the notice of denial of liability under the compensation act filed by defendants with the industrial commission as well as certain testimony by defendant Bartholomew, in response to a question asked by his own counsel, that he contracted to have the cars brought back to Duluth and did not employ anyone to get the cars from southern Minnesota. Defendants, on the other hand, contend that the record conclusively establishes that decedent was an employee and not an independent contractor and that he was subject to the workmen's compensation act at the time in question. For this reason they contend that the trial court properly directed a verdict in their favor. In view, however, of the patent defect in defendants' position hereinafter considered, which was raised for the first time in plaintiff's oral argument before this court, we can assume for purposes of this opinion that decedent was an employee and not an independent contractor at the time in question, and it becomes unnecessary for us to pass upon plaintiff's contention that a fact question was presented on this issue.

Defendants' defense, insofar as here material, is based upon the provisions of M. S. A. 1949, § 176.04, which provided as follows:

"The liability of an employer prescribed by sections 176.02 and 176.03 shall be exclusive and in the place of any other liability to

such employee, his personal representative, surviving spouse, parents, child or children, dependents or next of kin, or any other person entitled to recover damages at common law or otherwise on account of. such injury or death, *except that if an employer* other than state and the municipal subdivisions thereof *shall fail to insure or self-insure his liability for compensation, medical and other benefits, to his injured employees and their dependents, as provided in section 176.03, an injured employee, or his legal representatives, or his dependents in case death results from the injury, may, at his or their option, elect to claim compensation under the workmen's compensation act or to maintain an action in the courts for damages on account of such injury or death;* and in such action it shall not be necessary to plead or prove freedom from contributory negligence, nor may the defendant plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to contributory negligence of the employee, unless it shall appear also that such negligence was wilful on the part of the employee, but the burden of proof to establish such wilful negligence shall be upon the defendant." (Italics supplied.)

There is nothing in the record to indicate that defendants were insured or self-insured under the compensation act. The burden of proof to establish such fact was upon them. Anderson v. Hegna, 212 Minn. 147, 2 N. W. (2d) 820. In fact, the only reasonable inference from the record and exhibit before us is that the defendants were neither insured nor self-insured at the time in question. It therefore follows that plaintiff was entitled to maintain this action under § 176.04 even though decedent was an employee at the time in question and that the trial court erred in directing a verdict for defendants.

Judgment reversed.